No. 7811.

REND ET AL. *v.* BOORD ET AL.

ACCOUNT.—*Purchase by Agent.*—*Partnership.*—*Pleading.*—*Complaint.*— Where, in an action upon an account against a firm, the complaint averred that the goods were sold and delivered to an agent of the firm upon its order, it is immaterial for what purpose or for whose use the goods were intended.

SAME.—*Demand.*—Where one is indebted for goods sold to his order, no demand of payment is necessary on the part of the creditor.

SAME.—*Interest.*— Interest may be recovered on an open account, the payment of which has been long withheld.

From the Fountain Circuit Court.

*G. McWilliams* and *J. Ristine*, for appellants.
*L. Nebeker* and *S. M. Cambern*, for appellees.

BEST, C.—The appellee Fremont Boord sued the appellants, alleging in his complaint that they were partners, and

as such were indebted to him for goods sold and delivered to one Mehan, their agent, for them and upon their order, by his co-appellee Oliver Boord, who had assigned the account to him, and who was made a defendant to answer as to the assignment. Interest was claimed, and a bill of particulars filed. The bill embraced various items alleged to have been furnished in October and November, 1874, amounting to $73.95, and $15.33 interest upon the same for three and a half years. Issues were formed, a trial had, and judgment rendered for $91.45.

A motion for a new trial, because the damages assessed were excessive, and the finding not sustained by sufficient evidence, was overruled, and an exception taken.

On this appeal the appellants insist that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in overruling the motion for a new trial. Appellants assume that the goods mentioned in the complaint were intended for Mehan's individual use, and insist that they, as partners, are not liable for such goods, unless they ratified Mehan's act in purchasing them. There is nothing in this suggestion. If appellants ordered the goods as averred, it is wholly immaterial for what purpose or for whose use they were intended.

It is further suggested that the complaint is defective because it is not stated when payment was demanded. No demand was necessary. If appellants were indebted as averred, it was their duty to pay without a demand, and if they were not indebted, a demand would create no liability. If a credit had been given, and had not expired, they were not indebted. No other defects have been suggested, and we are unable to discover any.

The motion for a new trial was properly overruled. The evidence tended to support every material averment in the complaint. Indeed, this is not controverted; but it is insisted that the damages assessed are excessive. Nearly all

the goods were purchased in October, 1874, were to be paid for monthly, and from this time interest was allowed. The amount of interest added was not in excess of the amount due, if any could be recovered. That interest may be recovered on an account, the payment of which has been so long withheld, has already been decided. *Marsteller* v. *Crapp,* 62 Ind. 359 ; *Young* v. *Dickey,* 63 Ind. 31.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the costs of the appellants.