## Cox *v.* Peltier.

[No. 19,858. Filed October 29, 1902.]

Assumpsit.—*Complaint.*—*Implied Promise to Pay.*— A complaint alleging that a burial casket was furnished and certain services rendered "at the special instance and request of defendant," sufficiently alleges an implied promise to pay the reasonable value thereof. *pp. 356, 357.*

Same.—*Parol Promise.*—*Statute of Frauds.*— An unconditional parol promise of a person to pay for goods furnished at his special instance and request to a third party is not violative of the statute of frauds, which requires that a promise to answer for the debt of another shall be in writing. *p. 357.*

Trial.—*Recall of Jury Pending Deliberations.*—The provision of §550 Burns 1901, that any additional instructions or information given the jury upon their being recalled by the court pending their deliberations, "shall be given in the presence of, or after notice to, the parties or their attorneys," is mandatory. *pp. 361, 362.*

Same.—*Recall of Jury Pending Deliberations.*—*Harmless Error.*—Where the court recalls the jury pending their deliberations, and in the absence of a party or his counsel, in violation of §550 Burns 1903, lectures them for their failure to agree, the error is harmless if the evidence clearly shows that the verdict of the jury was right. *pp. 362, 363.*

From Allen Superior Court; *J. H. Aiken,* Judge.

Action by James C. Peltier against Patrick E. Cox. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Wilmer Leonard* and *Elmer Leonard,* for appellant.
*W. P. Breen* and *John Morris, Jr.,* for appellee.

Jordan, J.—This appeal comes on an order of transfer from the docket of the Appellate to this Court as an undistributed case. The action was instituted below by appellee to recover of appellant the price of a burial casket and box, and for services rendered as an undertaker at the burial of one Mrs. C. F. Tritchler. On a trial before a jury appellee was awarded a verdict for $75, and over appellant's motion for a new trial judgment was rendered for that amount.

The first contention of appellant's counsel is that the complaint is insufficient on demurrer. It is alleged therein that the plaintiff on June 3, 1896, at the special instance and request of the defendant Patrick E. Cox, furnished a burial casket and box and rendered undertaker's services at the funeral of Mrs. C. F. Tritchler, which casket and box and services so rendered were reasonably of the value of $75; that said sum is due, and remains wholly unpaid, etc. A bill of particulars is filed with the pleading. It is insisted that the complaint is bad for the following reasons: (1) There is no averment that the defendant promised to pay for the goods furnished and services rendered, or that he in any manner bound himself to pay for the same; (2) there is nothing to disclose that the plaintiff extended credit to the defendant, or looked to him for the pay; therefore it is claimed that under the complaint the case falls within the statute of frauds.

The pleading discloses that appellant is indebted to the appellee for goods furnished and services rendered at the special instance and request of the former. Under the alleged facts there was at least an implied promise upon the part of appellant to pay the reasonable value of the goods furnished and services rendered. If he ordered or requested the goods to be furnished and the services to be rendered as averred, it is immaterial for what legitimate purpose, or for whose use, they were intended. _Rend_ v. _Boord,_ 75 Ind. 307.

It is certainly true in a legal sense that where goods are furnished by one party upon the order, or at the special instance and request, of another, that the person who gives the order or makes the request that they be furnished for the use of some third party will be considered as the purchaser, and not the party to whom the goods are furnished in pursuance of such order or request. The debt incurred thereby will be that of the person making the order or request that the goods

Cox v. Peltier.

be furnished, and he alone will be liable.  An uncon-
ditional parol promise of a person to pay for goods fur-
nished at his special instance and request to a third party
is not violative of the statute of frauds, which requires that
a promise to answer for the debt of another shall be in
writing.  The complaint was sufficient to require appellant
to answer.

The following is a summary of the facts, which are
clearly and fully established by evidence in the record:
The wife of C. F. Tritchler, a resident of Fort Wayne,
Indiana, died at said city on June 2, 1896.  At the time of
her death her husband was in the employ of appellant,
the latter being engaged in the plumbing business at that
city.  It is shown that Mr. Tritchler continued in appel-
lant's employ for some two years after the death of his
wife.  On the day following the death of Mrs. Tritchler,
her said husband, together with appellant, went to appel-
lee's place of business in the city of Fort Wayne, he being
engaged in conducting the business of an undertaker.  The
purpose of their going to see appellee was to have him fur-
nish a casket and box for the burial of the deceased wife,
and to procure him to take charge of the funeral, and ship
the corpse to Defiance, Ohio, at which place the remains
were to be buried.  Appellee and appellant were acquainted
with each other, but appellee had no acquaintance with Mr.
Tritchler, the husband.  The latter, it seems, selected a
burial casket at the price fixed by appellee.  After every-
thing had been selected, appellant ordered or directed appel-
lee to charge the bill to him, as Tritchler was in his em-
ploy, to which appellee consented; and thereafter, in pur-
suance of appellant's order, he furnished and delivered the
casket and box for the burial of Mrs. Tritchler, and per-
formed the usual and necessary services at her funeral as
an undertaker; all of which it was shown were worth at
least $75.  It appears as a part of the same transaction or
arrangement appellee was directed to furnish or have on

hand a carriage to convey the family of the deceased from the residence to the railroad station, all of which he did. Sometime after the funeral a bill for the casket, box, and services rendered was made out, and a Mr. McMullen, who was in the employ of appellee, presented the same to appellant for payment. The latter, as shown, made no objection to the bill, but agreed to pay it at a later date, giving as an excuse for not paying the bill at the time that "he was short of funds." McMullen testified that several times thereafter he presented this same bill to appellant, and that each time he promised that he would pay it, giving some excuse for not meeting the bill at the time it was presented. On several occasions appellant promised appellee that he would pay the bill. At one time he requested appellee to wait until he (appellant) received some money from a judgment which he expected to recover in an action which he had pending in court in Whitley county. On another occasion he promised to pay the bill as soon as he obtained the money owing to him upon a contract which he had for some work to be performed at Decatur, Indiana.

It was shown upon the trial that appellant was indebted to Tritchler, the husband, during the whole period he remained in his employ, which was for quite a period before the death of his wife, and, as previously stated, for about two years after her death. On a settlement between Tritchler and appellant, at some time before the commencement of this suit, the latter deducted out of the amount due from him to the former the full sum due to appellee for the casket, box, and the services in question, and also $2 for the carriage furnished at the funeral. This carriage, as it appears, was ordered by appellee from a firm known as Powers & Barnett, who were engaged in the livery or transfer business in the city of Fort Wayne. Appellee usually collected the bill for carriages furnished by this firm at funerals as a part of the undertaker's charges, but he would do so, however, under an arrangement which he had to

Cox v. Peltier.

act for them as their agent in such matters. After the funeral of Mrs. Tritchler, it appears that appellee informed Powers & Barnett that appellant was to pay the bill for the carriage hired. Thereafter Mr. Barnett, of that firm, on several occasions presented the bill of $2 for the hire of the carriage to appellant, and each time the latter promised to pay it. At one time when Barnett presented the bill to appellant he told him that if he did not pay it he would demand the bill of Tritchler. Thereupon appellant requested him not to do so as he had already deducted the bill from Tritchler's wages.

The amount for the carriage, it appears, forms no part of the claim upon which appellee recovered in this action. There is evidence to show that appellee charged the account for the casket and services rendered alone to appellant, as directed by the latter, and at no time did he present the bill to Trichler, or in any manner looked to him for the payment thereof. Appellant complains of several rulings of the court in admitting and in refusing to exclude evidence, and in giving, and in refusing to give, certain instructions. Upon an examination in respect to these questions we conclude that the court in its charge to the jury fully presented the theory of both parties in this action, and the instructions, when considered as a whole, may be said to have fully advised the jury in regard to the law applicable to the case under the issues and the evidence, and are as favorable to appellant as he has any right to demand. The rulings of the court of which appellant complains in relation to the admission and exclusion of evidence are not open to the objection urged, and if any of them could be said to be erroneous, they would not, for the reasons hereinafter stated, justify us in disturbing the judgment of the lower court.

The alleged error upon which counsel for appellant state that they "particularly rely for a reversal" is based on facts as the same are exhibited by a special bill of exceptions. This bill appears to have been filed on December 24, 1900,

but as to when it was presented to the trial judge, or by him signed, is left as a matter of conjecture; and this infirmity in the bill, together with others, is severely assailed and criticised by counsel for appellee. The jury trying the cause, it seems, was charged by the court, and retired to deliberate upon a verdict, about ten o'clock in the forenoon of December 14, 1900. About eight o'clock p. m. of the same day, and before the jurors had agreed upon a verdict, the judge, without any request from them to be further advised on any point or points of law involved in the case, ordered the bailiff to bring the jury into court, which was accordingly done, and thereupon, in the absence of. both parties and their respective counsel, and without the consent of either party, and without any notice to or knowledge of either party or their counsel, he inquired of the jurors if they had agreed upon a verdict, and, on receiving an answer in the negative, he then addressed some remarks to the jurors, whereby he threatened or admonished them in regard to what he would do about keeping them together for a certain length of time unless they agreed upon a verdict. After being so lectured by the judge, the jury, at his direction, retired to their room for further deliberation, and in the course of an hour and thirty minutes they agreed upon a verdict, which fact was reported to the judge, and the latter directed that they be brought into court, which was accordingly done, and there, in the absence of both parties and their attorneys, and without notice being given to either party or his counsel, the court received the verdict of the jury. Following these statements in the bill of exceptions it is further stated therein that "To the action and conduct of the court the defendant at the time excepted." The bill of exceptions then concludes as follows: "And now, as soon as defendant was informed of said facts, for the purpose of presenting the questions of law arising on the alleged misconduct of the court and of said bailiff, the defendant now tenders this, his bill of exceptions numbered one, and prays

Cox *v.* Peltier.

the same may be signed, sealed, and made a part of the record in this cause, which is done this —— day of December, 1900. John H. Aiken, judge of the superior court of Allen county."

It will be observed that the exact date when the bill was presented to or signed by the trial judge is not shown, and counsel for appellee contend that by reason of this fact the bill is not available for the purpose intended. The conflicting statements in the bill certainly leave the question as to whether appellant was present in court in person or by counsel at the time the court addressed its remarks to the jury, and at the time the verdict was returned and received, somewhat confused or in doubt. It is not the duty of this court on appeal to settle conflicting statements in bills of exceptions. If the defendant was not present in person or by counsel at the time or times as stated in the bill, then it certainly can not be true that he at the time excepted to the action and conduct of the court as therein declared. If the exception was taken by the defendant at the time as stated, then it may certainly be presumed that the same was reserved by him in person or by some one authorized to appear in court at the time in his place and stead.

Passing over, as we do, however, the several infirmities imputed to or urged by counsel for appellee against the bill of exceptions, and giving the action of the court in question consideration, we are constrained, under the circumstances, to say that the action or conduct of the trial court in addressing the jury, and in receiving the verdict, as shown, in the absence of the parties and their counsel, and without their consent, and without any notice to them or their attorneys, and without any effort or attempt being made to apprise them of what the court was proposing to do,—no excuse whatever being shown in the bill of exceptions for the court's taking such actions or steps in the absence of the parties and their counsel,—is justly open to criticism and complaint. Section 550 Burns 1901 provides: "After

the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys." The provisions of this statute in regard to the presence of the parties, or notice to them or their counsel, is held not to be merely directory, but mandatory. *Jones* v. *Johnson*, 61 Ind. 257; *Blacketer* v. *House*, 67 Ind. 414.

While, perhaps, the question under the facts herein does not bring the case within the strict or express letter of the above section, nevertheless it certainly falls within the spirit thereof. A trial court is not justified in threatening a jury, and thereby attempting to coerce them into an agreement; still the court may impress upon them the fact that by reaching an agreement in the particular case, if they consistently can, under the law and the evidence, they will subserve the interests of both the public and the respective litigants. Certainly the action of the court in receiving the verdict under the particular circumstances was, to say the least, an irregularity, not in harmony with the due administration of justice. The hour at which it was received was an unusual one,—being in the night-time; but if the court deemed it proper to receive the verdict during the night, then some arrangements ought to have been made with the parties or their counsel by which they might have been apprised of the agreement of the jury, and thereby have availed themselves of their right to be present in court at the time. By §553 Burns 1901, each party in an action is given the right on the return of a verdict to poll the jury. This statute evidently contemplates that the parties will be present in court in person or by counsel upon the return of a verdict, and avail themselves of this right. Not only may they exercise such a right on the return of a verdict, but it is their privilege to exercise any others to which they

may be entitled. *Rosser* v. *McColly*, 9 Ind. 587. Of course, the right to be present at the return of a verdict is one which a party may voluntarily waive or abandon.

While we are of the opinion, as previously said, that the action of the court in question is justly subject to criticism, and if the judgment, in consideration of the evidence before us, was not clearly right, such conduct might afford grounds for a reversal; but in this case the court's action in the matter will not warrant us in disturbing the judgment for the plain reason that there is competent evidence in the record from which it is clearly and satisfactorily shown that by the judgment below a correct or right result has been reached, and justice thereby has been fully subserved. In fact we are unable to discover how the jury could have decided otherwise than they did, unless they had arbitrarily rejected the evidence given in behalf of appellee, and accepted alone that which appellant gave as a witness in his own favor.

Where, as in this appeal, it clearly and satisfactorily appears that the merits of the case have been fairly tried and determined, and a right result reached, this court, under the rule recognized by §670 Burns 1901, must disregard intermediate errors occurring at the trial, and sustain the judgment. This rule has been repeatedly observed and enforced by the decisions of this court. See cases collected under §670, *supra*.

For the reasons stated, the judgment should be, and therefore is, affirmed,