GREENFIELD GAS COMPANY *v*. TREES.

[No. 20,620. Filed June 28, 1905.]

1. CORPORATIONS. — *Public-Service.* — *Gas Companies.* — *Mandamus.*—It is the duty of a gas company using the streets or alleys of a municipal corporation to furnish gas to all persons therein alike when the reasonable regulations of such company are complied with, and this duty may be enforced by mandamus. p. 211.

2. PLEADING.—*Complaint.*—*Recitals.*—*Conclusions.*—A complaint against a gas company for damages for a refusal to deliver gas to the plaintiff must show that the company's reasonable regulations have been complied with by plaintiff, or that an offer has been made to do so, and this must be by positive allegations, recitals and conclusions being ineffective. p. 211.

3. JUDGMENT.—*Mandamus.*—*Damages.*—*Res Judicata.*—A judgment in a mandamus suit that defendant gas company wrongfully refused to furnish the relator gas is *res judicata* as to such question in a subsequent action by such relator against such company for damages. p. 211.

4.  PLEADING.—*Complaint.—Former Adjudication.—How Pleaded.*
—A complaint against a gas company for damages for wrongfully refusing to furnish gas to the plaintiff, which fails to
allege the facts contained in a former action in mandamus by
plaintiff as relator, sufficiently to show that such wrongful
refusal to furnish gas was in issue and adjudicated, and which
also fails to allege that plaintiff· complied with defendant's
regulations in taking gas, is bad.   p. 212.

From Hancock Circuit Court; *Edward W. Felt,* Judge.

Action by James R. Trees against the Greenfield Gas
Company.   From a judgment for plaintiff, defendant appeals.   Transferred from Appellate Court under §1337u
Burns 1901, Acts 1901, p. 590.   *Reversed.*

*Marsh & Cook* and *Downing & Hough,* for appellant.

MONKS, C. J.—Appellee brought this action against appellant to recover damages for the alleged turning off by
appellant of natural gas from the pipes which supplied appellee's residence with said natural gas.   A trial of said
cause resulted in a verdict, and, over a motion for a new
trial, a judgment in favor of appellee.

Appellant's demurrer to the complaint for want of facts
was overruled, and this ruling of the court is assigned for
error.

It appears from the complaint that appellant was and is
a natural gas company occupying the streets of the city of
Greenfield, Indiana, with its gas-mains, and that appellee
owned a dwelling-house abutting on a street so occupied by
appellant, and had his house connected with appellant's gas-
main in said street for the purpose of using said natural gas
for fuel and lights; that on February 12, 1902, appellant
turned off the gas from the pipes which supplied appellee's
residence therewith; that, after the gas was so turned off,
appellee brought an action against appellant in the name
of the State, on relation of appellee, to compel appellant to
furnish him gas at his said residence; that appellant ap-

peared to said action and filed an answer, and that final judgment was rendered in said action against appellant that it furnish gas to appellee.

It is settled in this State "that a natural gas company, occupying the streets of a town or city with its mains, owes it as a duty to furnish those who own or occupy the houses abutting on such streets, when such owners or occupants make the necessary arrangements to receive it and comply with the reasonable regulations of such company, such gas as they may require, and that, when it refuses or neglects to perform such duty, it may be compelled to do so by writ of mandamus." *Portland, etc., Oil Co.* v. *State, ex rel.* (1893), 135 Ind. 54, 21 L. R. A. 639, and authorities cited; *Coy* v. *Indianapolis Gas Co.* (1897), 146 Ind. 655, 36 L. R. A. 535, and authorities cited; *State, ex rel.,* v. *Portland Nat. Gas Co.* (1899), 153 Ind. 483, 488, 53 L. R. A. 413, 74 Am. St. 314, and cases cited.

1.

There is no direct averment in the complaint that appellee had complied with, or offered to comply with, the reasonable regulations of appellant before or at the time he alleges appellant shut off the gas from his residence. It is true that it is alleged "that, after being tendered its charges therefor by this plaintiff, defendant wrongfully and unlawfully turned off the gas from the residence of this plaintiff," etc. It avails nothing, as against a demurrer, to aver conclusions or plead facts, as the tender of charges, by way of recital, as in this case. *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 98, 99, and authorities cited; *Malott* v. *Sample* (1905), 164 Ind. 645.

2.

There is an attempt in said complaint to show that the question whether said turning off of the gas by appellant was wrongful was adjudicated in the mandamus case in favor of appellee. If a former adjudication of said question in favor of appellee is shown by the

3.

complaint, the same was sufficient to withstand appellant's demurrer for want of facts, notwithstanding the fact that it contains no allegation that appellee had complied or offered to comply with the reasonable regulations of appellant. This is true because if it was adjudicated in the mandamus case that the alleged turning off of the gas by appellant was wrongful, appellant was bound thereby, and can not again litigate that question in this case. Merrill, Mandamus, §315.

Appellant insists that said question was not *res judicata,* because the parties in the mandamus case and this case are not the same; citing *Glenn* v. *State, ex rel.* (1874), 46 Ind. 368. The case cited by appellant was a bastardy proceeding, and it was held that the record of a judgment in an action for seduction, by the relatrix against the defendant, was not admissible to prove sexual intercourse in the bastardy case, because the parties were not the same. This was correct, because in the bastardy case the State and not the relatrix was the real party in interest. The judgment rendered in such case, if against the defendant, does not belong to the relatrix, but must be expended for the support of the child. In the mandamus case brought by appellee against appellant, the relator, who was the appellee, and not the State, was the real party in interest, and the judgment recovered against appellant in that case was for the benefit of appellee and not of the State. Any question, therefore, in issue determined in that case is binding upon the parties in this case, because the real parties are the same.

The averments of the complaint in regard to the mandamus case, however, are not sufficient to show that the question whether the turning off of the gas by appellant, 4. involved in this case, was in issue and determined in the mandamus case. For this reason the complaint does not show a former adjudication of the question involved in this action. 1 Works' Practice (3d ed.), §605; 2

Thompson, Indiana Forms, p. 97, notes 2-4. It follows that the court erred in overruling appellant's demurrer to the complaint.

Judgment reversed, with instructions to sustain the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.