## McEwen v. Hoffman et al.

[No. 6,199.   Filed June 30, 1908.]

1. Pleading.—*Complaint.*—*Common Count for Services Rendered.*—*Frauds, Statute of.*—A common count for services rendered to a third person, at the special instance and request of defendants, is sufficient, though it does not allege that defendants' promise was in writing.   p. 203.

2. Same.—*Complaint.*—*Services.*—*Implied Contracts.*—A complaint alleging that defendants sent an employe to the plaintiff to have an operation performed, and that plaintiff performed such operation, is not sufficient, since it fails to show facts sufficient to constitute a contract, express or implied.   p. 203.

3. Same.—*Complaint.*—*Allegations.*—Facts must be affirmatively alleged in a complaint.   p. 204.

From Lake Superior Court; *H. B. Tuthill,* Judge.

Action by John R. Hoffman against William C. McEwen and others.   From a judgment against McEwen, he appeals. *Reversed.*

*William J. Whinery,* for appellant.

*V. S. Reiter* and *L. L. Bomberger,* for appellee Hoffman.

Myers, P. J.—Appellee John R. Hoffman brought this action against appellant, William C. McEwen, and his codefendants Oscar Broms and the Hammond Boiler Works, to recover for professional services rendered to Albert Barrier. A complaint in two paragraphs, answered by a general denial, formed the issues.   Trial by jury, resulting in a general verdict, and judgment in favor of appellee and against appellant for $100.   Also a general verdict in favor of Broms and the Hammond Boiler Works.

The appellant has assigned as error the overruling of his separate and several demurrer to each of the two paragraphs of the amended complaint.

The first paragraph is a common count for services rendered by appellee Hoffman as a physician and surgeon,

and is sufficient. The fact that the services were rendered to a third person and without any promise in writing by the defendants to pay therefor, did not make the pleading bad, it being alleged that the services were rendered at the special instance and request of the defendants. *Cox* v. *Peltier* (1902), 159 Ind. 355.

In substance, the second paragraph shows that appellee Hoffman on January 31, 1905, was a duly licensed and practicing physician; that on said day Albert Barrier was in the employ of the Hammond Boiler Works, and while in the line of his employment accidently received a small particle of steel in his right eye, which imperiled the sight thereof; that said steel was so embedded in said eye that the only safe and proper way to remove it was by the use of the giant magnet and other instruments and appliances connected therewith; that Barrier was "by said defendants placed in the care of Dr. E. M. Shanklin, a practicing physician and surgeon of Hammond, Indiana;" that Dr. Shanklin advised and informed the defendant that it was highly necessary, in order to save Barrier's eye, that the steel be removed therefrom without delay; that the nearest and most convenient place for the removal of said steel was the Eye, Ear, Nose & Throat Hospital in Chicago, Illinois; that Dr. Shanklin, while Barrier was in his care, informed the defendants that there were no instruments or appliances in the city of Hammond sufficient or proper for the removal of said steel; that thereupon the defendants McEwen, Broms and said corporation, acting through McEwen and Broms, who were the president and secretary respectively of the corporation, and two of the three directors thereof, and the owners of ninety-nine per cent of the stock of the corporation, and had power to bind, and did bind, the corporation, sent said Barrier to plaintiff for immediate attention, and for the immediate performance of said operation, and plaintiff "relied on the representations of said defendants, and tendered the credit to them,

and thereupon on said date performed, in the city of Chicago, Illinois, the services set forth in plaintiff's bill of particulars, made a part hereof and marked exhibit A; that said services were of the reasonable value of $125; that said sum is now due and unpaid, and there has been a long and unreasonable delay in the payment thereof." The bill of particulars includes a fee for plaintiff, a hospital fee, and a fee for using the operating room at the hospital.

Whatever may be said as to the proper effect of the facts stated in this paragraph considered as matters of evidence, the alleged facts, for the purposes of pleading, do not constitute an agreement between the plaintiff and the defendants or either of them. It does not appear in a manner answering the requirements of pleading that the appellant requested appellee Hoffman to perform the services; that any "representations" were made by the appellant to said appellee; that there was any promise to pay, or that facts existed from which a promise to pay would be inferred by law.

A complaint upon contract must show with reasonable certainty facts constituting a contract express or implied. "In pleading, facts must be directly and positively alleged, while in regard to evidence conclusions may be inferred from facts and circumstances without positive statements." *Laporte Carriage Co.* v. *Sullender* (1905), 165 Ind. 290, 299. And see *Malott* v. *Sample* (1905), 164 Ind. 645, and cases cited; *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209; *Pittsburgh, etc., R. Co.* v. *Peck* (1905), 165 Ind. 537; *Hay* v. *Bash* (1906), 37 Ind. App. 167; *South Bend, etc., Plow Co.* v. *Cissne* (1905), 35 Ind. App. 373.

Judgment reversed.

Roby, J., absent.