## Pierson *v*. Donham.

[No. 8,268.   Filed March 17, 1914.]

1. Work and Labor.—*Action on Quantum Meruit.—Complaint.— Commission Contracts.—Statutes.*—A complaint alleging that defendant employed plaintiff to obtain an option of purchase on certain real estate, that plaintiff performed the services, that defendant approved the arrangements and contracts made by plaintiff in his behalf under such employment and approved the price agreed upon, and that plaintiff's services were reasonably worth a certain per centum on the amount of the purchase price, is sufficient as a common count on the *quantum meruit*, and is not in any way controlled by §7463 Burns 1908, Acts 1901 p. 104, requiring contracts for commissions for the sale of real estate to be in writing.   p. 637.

From Clay Circuit Court; *John M. Rawley,* Judge.

Action by Thomas F. Donham against Charles D. Pierson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant.
*George A. Scott* and *G. S. Payne,* for appellee.

Felt, J.—This is a suit by appellee against appellant to recover the value of certain services alleged to have been rendered. From a judgment in appellee's favor for $100, appellant has appealed and assigned as the only error relied

on for reversal, that the court erred in overruling the demurrer to the complaint. The complaint is in one paragraph and in substance states that in 1909, appellant employed appellee to find, locate and obtain an option of purchase of certain land in the city of Terre Haute, to be used as a lumber yard; that he accepted the employment and performed the services; that the price of the real estate was $13,500; that defendant approved the arrangements and contracts made by appellee in his behalf in pursuance of the employment and approved the price agreed upon for the property; that his services were reasonably worth five per cent of the amount of the purchase price of the property, and the same is due and unpaid. Prayer for judgment against appellant for $675.

Appellant contends that the complaint is bad because it does not show that the contract for the real estate was in writing and cites §7463 Burns 1908, Acts 1901 p. 104,

1. in support of the contention. It is also claimed that the complaint attempts to plead a special contract and fails to aver any definite arrangements to pay anything for the alleged services; that there can be no recovery on the *quantum meruit* because it is an attempt to plead a special contract. The statute relied on provides in substance that no contract for a commission for the sale of the real estate shall be valid unless the same shall be in writing signed by the owner of such real estate or by his duly appointed agent. If appellee were seeking to enforce a commission contract against the owner for the sale of the real estate mentioned in the complaint, the statute would be applicable. But the complaint is not against the owner of the real estate, nor does it count on an enforcement of a commission contract against the appellant for the sale of real estate. The complaint alleges in substance an employment to render certain services and charges that the services were rendered by the appellee and sanctioned and approved by the appellant.

The complaint is good as a common count, on the *quantum meruit*, for the services rendered in pursuance of the employment.

The objections, other than those relating to the statute, are equally untenable, as clearly appears from a reading of the complaint and the decisions of our courts. *Doney* v. *Laughlin* (1912), 50 Ind. App. 38, 44, 94 N. E. 1027; *Palmer* v. *Miller* (1898), 19 Ind. App. 624, 626, 49 N. E. 975; *Cox* v. *Pellier* (1902), 159 Ind. 355, 356, 65 N. E. 6; *Jenney Electric Co.* v. *Branham* (1896), 145 Ind. 314, 324, 41 N. E. 448.

There was no error in overruling the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 104 N. E. 606. As to what entitles a broker to a commission, see 28 Am. St. 546. As to the necessity that agent's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see 44 L. R. A. 601; 9 L. R. A. (N. S.) 933. As to right of a real estate broker to recover commissions under an oral contract of employment where a statute requires a written contract, see 13 Ann. Cas. 977. See also 40 Cyc. 2839.