## STATE OF INDIANA, EX REL. PUBLIC SERVICE COMMISSION OF INDIANA *v.* VANDALIA RAILROAD COMPANY.

[No. 22,655.   Filed March 12, 1915.]

1. STATUTES.—*Construction.*—*Retroactive Effect.*—*Railroad Commission Act.*—The act of 1907 (Acts 1907 p. 454, §7, subd. c), in amendment of §6½ of the Railroad Commission Act of 1905 (Acts 1905 p. 90), and providing that orders of the commission, except as otherwise provided in the act, shall take effect within a reasonable time and continue in force for such period of time as shall be prescribed by the commission, not exceeding two years, does not affect an order of the commission made under the act of 1905, and which has not been changed or vacated by judicial decree.   pp. 51, 52.

2. STATUTES.—*Construction.*—*Retroactive Effect.*—A statute will not be held to have a retroactive effect unless the language imperatively requires the conclusion that such was the legislative intent.   p. 51.

3. MANDAMUS.—*Parties.*—*Public Service Commission.*—*Enforcement of Orders.*—In its origin the writ of mandate was of a prerogative character, and, under §1224 Burns 1914, the relator in mandamus actions must be the party in interest, and, since the Public Service Commission can not be said to be a party in interest in the enforcement of its order requiring a railroad company to put into effect a certain schedule of freight rates, it can not maintain an action in mandamus to that end.   p. 52.

4. RAILROADS.—*Regulation.*—*Orders of Public Service Commission.*—*Enforcement.*—Under §5550 Burns 1914, Acts 1907 p. 454, the Public Service Commission may prosecute a suit in equity to secure a compliance with its orders and may have relief by mandatory injunction; but, since a suit in equity can not be brought by the State on the relation of the party in interest, and the commission possesses only such power as is conferred by statute, it must prosecute the suit in its own name as provided by the statute.   p. 52.

From Superior Court of Marion County (93,429) ; *Charles J. Orbison,* Judge.

Action by the State of Indiana, on the relation of the Public Service Commission, against the Vandalia Railroad

Company. From a judgment for defendant, the relator appeals. *Affirmed.*

*Thomas M. Honan, Bert New* and *Smith, Hornbrook & Smith,* for appellant.

*D. P. Williams, S. O. Pickens* and *John G. Williams,* for appellee.

MORRIS, J.—Mandamus action by appellant against appellee, to compel the latter to put in force a certain schedule of freight rates thereto fore fixed, in December, 1906, by the Railroad Commission of Indiana. The railroad commission was created in 1905, and the Public Service Commission succeeded to its rights and duties by the act of March 4, 1913. Acts 1913 p. 165, §10052 Burns 1914.

The complaint filed January 10, 1914, alleges that on December 14, 1906, the Railroad Commission of Indiana entered an order requiring appellee to put into effect, on and after February 1, 1907, a certain schedule of freight rates; that thereafter on January 22, 1907, appellee filed in the United States Circuit Court for the District of Indiana, a suit in equity against the railroad commission and others to declare void and enjoin the enforcement of the commission's order; that thereafter on June 29, 1909, said circuit court finally adjudged said order void and perpetually enjoined its enforcement; that the cause was appealed to the Supreme Court of the United States, where the judgment of the court below was in all things reversed on October 26, 1913, with directions to dismiss the suit without prejudice (*Wood* v. *Vandalia R. Co.* [1913], 231 U. S. 1, 34 Sup. Ct. 7, 58 L. Ed. 97); that this mandate was certified to the lower court on December 1, 1913, when, in pursuance thereof, an order was entered dismissing the cause. It is further alleged that appellee refuses to obey the order of the commission, and the complaint prays for a mandate to appellee requiring it to put into effect and enforce the said schedule of rates.

The court sustained appellee's demurrer to the complaint, and this ruling is here assigned as error.

Appellee contends that the complaint is insufficient because the order fixing the schedule, which went into effect February 1, 1907, expired by statutory limitation on February 1, 1909. This contention is based on the theory that by the 1907 amendment of the Railroad Commission Act, former as well as prospective orders of the commission were limited to an existence of two years. By §6½ of the act of 1905 (Acts 1905 p. 90) it was provided that orders of the commission should be effective until changed or vacated by judicial decree. This order was made and went into effect when such statute was in force. By the act of March 9, 1907, various sections of the Railroad Commission Act were amended. Acts 1907 p. 454. Subdivision c, §7 of the amending act (Acts 1907 p. 454, §5537 Burns 1908), reads as follows: "The commission shall have authority to grant rehearings in any case in which it has made a final order, or to alter, change or modify any final order made by it. All orders of the commission, except as otherwise provided in this act, shall take effect within such reasonable time, not more than thirty days after entry thereof, and shall continue in force for such period of time, not exceeding two years, as shall be prescribed in the order of the commission, unless the same shall be suspended, or set aside, or modified by the commission, or be suspended, or set aside, or modified by a court of competent jurisdiction."

Was it the legislative purpose to give said amendment a retroactive effect? We are constrained to answer this question in the negative. The rule is well established that a statute will be held as having retroactive effect only when the language of the statute imperatively requires the conclusion that it was the legislative intent that it should so operate. *Board, etc.* v. *Pritchett* (1882), 85 Ind. 68; *City of Connersville* v. *Connersville Hydraulic Co.* (1882), 86 Ind. 184; *Cameron* v. *United States* (1913), 231

U. S. 710, 34 Sup. Ct. 244, 58 L. Ed. 448. The language of the amendment of 1907, *supra,* falls short of compelling the inference of a legislative purpose to limit the existence of orders of the commission theretofore made and in effect.

The only other question presented relates to the authority of the Public Service Commission to institute this action. Appellee contends that it is without such power. In all mandamus actions, the relator must be the party in interest. *Greenfield Gas Co.* v. *Trees* (1905), 165 Ind. 209, 75 N. E. 2; §1224 Burns 1914, Acts 1911 p. 541. It can not be said that the Public Service Commission is a party in interest in the enforcement of the order. In its origin the writ of mandate was of a prerogative character. The statute authorizes the commission "to institute and prosecute *in its name,* any appropriate action at law or suit in equity, in any circuit or superior court of the state" to enforce its lawful orders. §5550 Burns 1914, Acts 1907 p. 454. Under this section a suit in equity lies, in the name of the commission, to secure a compliance with its orders. *Wabash R. Co.* v. *Railroad Com., etc.* (1911), 176 Ind. 428, 95 N. E. 673. Relief by mandatory injunction may be granted in an appropriate suit in equity. 22 Cyc. 742; *Brauns* v. *Glesige* (1892), 130 Ind. 167, 29 N. E. 1061. A suit in equity however may not be brought in the name of the State, on the relation of the party in interest. The commission was unknown to the common law and possesses only such power as is conferred by statute. *Wabash R. Co.* v. *Railroad Com., etc., supra,* 438. The statute does not authorize a proceeding in the name of the State on the relation of the commission, and we hold that the court committed no error in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 108 N. E. 97. As to retroactive statutes and when valid, see 37 Am. Rep. 307. See, also, under (1, 2) 36 Cyc. 1205; (3) 26 Cyc. 395, 398, (4) 33 Cyc. 51.