INLAND STEEL COMPANY v. JELENOVIC ET AL.

[No. 12,246. Filed January 27, 1926. Rehearing denied April 2, 1926.]

1. EVIDENCE.—*Judicial notice taken of historical events.*— The courts will take judicial notice of historical events in this country, such as a declaration of war and signing of peace treaties. p. 374.

2. LIMITATIONS OF ACTIONS.—War suspends the operation of the statute of limitations against alien enemies residing in enemy territory. p. 376.

3. WAR.—*President's recognition of new kingdom resulting from World War did not change status of inhabitants as alien enemies.*—The act of the President in recognizing the kingdom of the Serbs, Croats and Slovenes did not end the war as to Austria-Hungary, out of whose territory said kingdom was formed, and hence did not change the status of its inhabitants as alien enemies. p. 376.

4. MASTER AND SERVANT.—*Compensation claim of alien enemies held not barred by statute of limitations until two years after war was declared ended.*—The inhabitants of the kingdom of the Serbs, Croats and Slovenes continued to be alien enemies of the United States until Congress declared the World War·at an end July 2, 1921. Until that time, the statute of limitations as to claims for compensation by subjects of the kingdom under the Workmen's Compensation Act (§9469 *et seq.* Burns 1926) was suspended, and·a claim for compensation by such subjects filed within two years after that time was not barred although the death of the employee on which their claim was based occurred September 13, 1917. p. 377.

From Industrial Board of Indiana.

Application by Ante Jelenovic and others for compensation under the Workmen's Compensation Act for the death of Ivan Jelenovic, opposed by the Inland Steel Company, employer. From an áward granting compensation, the employer appeals. *Affirmed.* By the court in banc.

*William J. McAleer, Francis J. Dorsey, Gerald A. Gillett* and *Perry R. Chapin,* for appellant.

*Defrees, Buckingham & Eaton, Peter B. Nelson, Dumas McFall* and *D. J. Moran,* for appellees.

*William J. Whinery,* Amicus Curiae.

REMY, J.—Proceeding for compensation filed with the Industrial Board by appellees. In their application, appellees aver that they are dependents of Ivan Jelenovic, hereinafter designated as decedent, who lost his life as the result of an accident which arose out of and in the course of his employment by appellant. Compensation was awarded, and the employer appeals.

At the hearing, the evidence submitted by appellees, and which forms the basis of their claim, was not, and is not now, controverted. This evidence, including historical events of which judicial notice is taken, is as follows: At the time of decedent's death, which occurred September 13, 1917, appellees

were, ever since have been, and now are, residents of a certain village located in what is now the kingdom of the Serbs, Croats and Slovenes, which village was at the time of decedent's death a part of the Austro-Hungarian Empire; that on September 13, 1917, appellees were dependents of decedent, within the meaning of that term as used in the Workmen's Compensation Act of this state; that on December 7, 1917, the United States declared that a state of war existed between it and Austria-Hungary (40 Stat. at L. 429, 1729); that on December 4, 1918, the kingdom of the Serbs, Croats and Slovenes was proclaimed (4 Temperly, History of Peace Conference, 201), which kingdom, when its boundaries were eventually settled, included that portion of Austria-Hungary in which appellees have at all times resided; that the United States recognized the kingdom of the Serbs, Croats and Slovenes, February 5, 1919 (4 Temperly, History of Peace Conference, 206), with which kingdom the United States has at no time been at war; that the treaty of peace between the allied and associated powers and Austria was signed at Saint-Germain-en-Laye, September 10, 1919, and came into effect by reason of the deposit of the first procès-verbal of ratification at Paris, pursuant to Art. 381 of the treaty, on July 16, 1920 (3 Treaties, etc., Between U. S. and Other Powers 3149); that the treaty of peace between the allied and associated powers and Hungary was signed at Trianon, June 4, 1920, and came into effect by reason of the deposit of the procès of ratification pursuant to article 364 on July 26, 1921 (3 Treaties, etc., 3539); that Congress by joint resolution declared the war with Austria-Hungary at an end, July 2, 1921 (42 Stat. at L. 105, 106); that a treaty of peace between the United States and Austria was ratified at Vienna, November 8, 1921, and proclaimed by President Harding, November 17, 1921 (42 Stat. at L. 1946); that a

similar treaty between the United States and Hungary was ratified December 17, 1921, at Budapest, and proclaimed by President Harding, Dec. 20, 1921 (42 Stat. at L. 1951); and that appellees did not file their claim for compensation until March 8, 1923.

The first and most important contention of appellant is that appellees' claim is barred by the statute of limitations, for the reason that it was not filed with the Industrial Board for more than five years after the death of the decedent, although §24 of the Workmen's Compensation Act (Acts 1915 p. 392, §9469 Burns 1926) provides that the filing must be within two years. Appellees counter with the proposition that because of the war the statute of limitations was suspended until the war was terminated by the joint resolution of Congress, July 2, 1921, which was less than two years prior to the date of filing their claim.

It is, of course, a well-settled principle, conceded by appellant, that war suspends the operation of the statute of limitations against alien enemies residing in enemy territory. However, it is argued by appellant that whereas appellees were residents of that portion of Austria-Hungary which, after the war began, was incorporated in, and became a part of, the kingdom of the Serbs, Croats and Slovenes, and whereas the latter kingdom was duly recognized by the United States, February 5, 1919, it must necessarily follow that from the date of such recognition appellees ceased to be alien enemies. Not so. Appellant misconceives the effect of recognition by the executive, and particularly of the Serbian state by the executive department of the United States. The United States by this executive act of recognition did not intend to, nor did it, change the status of any persons whom Congress by prior declaration of war had made alien enemies. It was intended merely

as a recognition by appropriate diplomatic act of the existence of the new kingdom, and as an expression of readiness to enter into relationships such as the United States usually establishes with friendly powers. Recognition was extended before peace treaties had settled territorial and other rights, in part, because of our relations with Serbia during the war, and in part, perhaps, because of a desire to stabilize certain conditions in anticipation of the conclusion of definitive peace treaties. An act of recognition, within the powers delegated to the national executive, is conclusive in all courts in respect to everything which it actually decides, but no further. Certain it is that neither Congress nor the President regarded the act of recognition as terminating the war. See *Hamilton* v. *Kentucky Distilleries Co.* (1919), 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194; *Swiss Insurance Co.* v. *Miller* (1924), 267 U. S. 42, 45 Sup. Ct. 213, 69 L. Ed. 504; *In re Miller* (1922), 281 Fed. 764, 775; *Zimmerman* v. *Hicks* (1925), 7 Fed. (2d) 443, 445; Trading with the Enemy Act, §2, 40 Stat. at L. 411 (§3115½aa U. S. Comp. St. Ann. Supp. 1919); 41 Stat. at L. 1359 (§3115 14/15f U. S. Comp. St. Ann. Supp. 1923); also, Congressional Record, August 22, 1919, vol. 58, pp. 4176, 4177.

To hold, under conditions such as are revealed by the facts in this case, that litigants must anticipate the significance and final outcome of political acts of 4. recognition would, in our opinion, impose upon them an undue burden. We, therefore, conclude that the recognition by the United States of the Serb-Croat-Slovene state did not change the alien enemy status of appellees as the same was created by the declaration of war by the United States against the Hapsburg monarchy; that they continued to be such alien enemies until July 2, 1921, when Congress by joint

resolution declared the war at an end; and that the claim of appellees is not barred by the statute of limitations.

In the case of *Garvin* v. *Diamond Coal & Coke Co.* (1923), 278 Pa. St. 469, 123 Atl. 468, the Supreme Court of Pennsylvania had under consideration a question in all respects similar to the question in the instant case, except that the claimant for compensation under the Workmen's Compensation Act of Pennsylvania (§21916 *et seq*. Pa. Stat. 1920) was a resident of that portion of Austria-Hungary which, pending the war, had been incorporated in, and became a part of, the Czecho-Slovak Republic. In holding that the claimants did not cease to be alien enemies of the United States upon the recognition by the United States of Czecho-Slovakia, the court in its opinion said: "The mere fact that such a republic was recognized proves nothing as to territory, especially as to that claimed to have been thereafter acquired. Furthermore, no treaty between any nations touching the territory here in question, made in time to affect this litigation, has been called to our attention. In the absence of adequate political action recognizing a change of boundaries, we cannot assume the place in question ceased to be enemy territory until the war ended. * * * There is * * * a distinction between the recognition of a revolutionary people and the territory which they may acquire."

Our attention has been called to the case of *Kolundjija* v. *Hanna Ore Mining Co.* (1923), 155 Minn. 176, 193 N. W. 163, in which the Minnesota Supreme Court reached a conclusion opposite to that we have reached in this case. The decision does not meet our approval. The holding in that case has recently been discussed in a scholarly article entitled, "Recent Recognition Cases," published in the American Journal of International Law (19 Am. Jour. Int. L. 263). We concur in

the view there stated, which is expressed in the following language: "The court seems to have taken insufficient account of the unsettled condition in Jugoslavia on the date of recognition and of what the act of recognition was intended to accomplish and to have imposed upon the claimant an unwarranted hardship in requiring her to resolve the paradox created by some rather ambiguous political decisions."

The author of the article, Edwin D. Dickinson, professor of international law in the School of Law, University of Michigan, is a recognized authority on questions of international law. He has given special attention to the question of recognition, on which other papers written by him have been published. In addition to the magazine article from which we have quoted, we call special attention to a paper written by Mr. Dickinson, entitled "The Unrecognized Government or State in English and American Law," published in Michigan Law Review, Vol. 22, at page 29. As bearing upon the general question as to the time when the war between this nation and Austria-Hungary terminated, see 19 Mich. Law R. 816, where will be found an able paper entitled "The Termination of War." The author of the paper is John M. Mathews of the University of Illinois School of law.

We do not deem it necessary to refer specifically in this opinion to the other questions discussed by appellant in its brief. It is sufficient to say that we have carefully considered all of the questions which have been properly presented, and find no reversible error.

Affirmed.