SADOWSKI ET AL. *v.* HUBBARD STEEL FOUNDRY COMPANY.

[No. 15,325. Filed January 22, 1935. Rehearing denied April 19, 1935.]

Sevald & Sevald, and *Harry J. McMillan*, for appellants.

Tinkham & Tinkham, for appellee.

DUDINE, P. J.—On the 18th day of February, 1921, there was filed with the Industrial Board an application for compensation for appellants as dependents of Joseph Sadowski, who, the application alleged, died on the 23rd day of February, 1919, "as a . . . result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by" appellee.

Appellee filed a special answer alleging "that the cause of action sued upon . . . did not accrue within two years next before the filing of said application."

. Appellants filed a reply in two paragraphs, the first being a general denial. The second paragraph of reply, omitting the prayer and signature, was as follows:

"For a second and further paragraph of reply said applicant says that at the time of the accident and death of her husband in the defendant's plant in the City of East Chicago, Indiana, she was a resident of the State and Country of Poland. That this place of her residence and where she in fact

lived is a foreign country, beyond the seas, and is
without the jurisdiction of the State of Indiana and
without the jurisdiction of the United States of
America. That ever since said time and now has
this applicant resided in said country and that she
at no time has resided in the state of Indiana. That
at the time of her husband's death and since said
time has the State of Poland been engaged in war
and been the scene of war. That as a consequence
it was impossible to communicate with private
persons in this country. That she has done all
things in her power to make a reasonable applica-
tion to the Indiana Industrial Board for Compen-
sation. That she has been under a legal disability
as provided by the law of Indiana and as herein set
out and that this application was made as soon as
applicant could make the same; and that this appli-
cant has been at all times out of the United States."

The cause was set for hearing by a member of the
Industrial Board on March 10, 1921. The hearing of
said cause by a member of said board was continued
and reset however several times, and a hearing thereof
was not in fact had until December 19, 1933. The delay
was due to the fact that some of the appellants lived
in Poland, and their testimony was not obtained until
after the dates previously fixed for the hearings.

The hearing member made a finding and award
favorable to appellants Karolina, Henryk, and Mary-
anna, as dependents of decedent.

Upon review by the full Industrial Board, additional
evidence was heard and the Industrial Board found
that:

". . . on January 20, 1919, while in the employ
of the defendant at an average weekly wage in
excess of $24.00, one Joseph Sadowski suffered an
injury as the result of an accident arising out of
and in the course of his employment of which the
defendant had knowledge; that said accidental in-
jury resulted in the death of the said Joseph Sad-
owski, on January 23, 1919.

"It is further found that on February 18, 1921,
there was filed with the Industrial Board of In-

diana a purported claim for compensation signed by Crumpacker and Crumpacker and E. H. Friedrichs, Attorneys, being a form No. 10 prescribed by the Industrial Board, being an application of dependents of deceased employe to the Industrial Board for the adjustment of claim for compensation, naming (appellants) as dependents. . . .

"It is further found that at no time has there been filed with the Industrial Board on behalf of the plaintiffs, any power of attorney or written instrument of any character, authorizing, empowering or directing any one to prosecute any claim or action before the Industrial Board for and on behalf of the plaintiffs.

### ORDER

"It is therefore considered and ordered by the Full Industrial Board of Indiana that no cause of action exists before the Industrial Board in the within cause and that the purported application for the adjustment of a claim for compensation filed on February 18, 1921, should be and the same is hereby dismissed. . . ."

Thereafter appellants, by their attorneys, filed a "motion to correct the findings and order of the Industrial Board of Indiana . . ." by finding whether or not appellants were dependents of decedent, and by finding other additional facts, which facts need not be referred to here. The Industrial Board overruled said motion with an exception to appellants. Thereafter this appeal was perfected.

Appellants have assigned as error that the award is contrary to law. This assignment presents all the questions sought to be presented by appellants' brief.

There was no provision in the Workmen's Compensation Law at the time said application was filed, which required the filing of a power of attorney by the applicants, and the Workmen's Compensation Law did not contain such provision at any time during the pendency of this cause.

Sec. 9501, Burns Supp. 1929, §40-1501, Burns 1933,

§16432, Baldwin's 1934, authorizes the Industrial Board to "prepare and cause to be printed, and upon request furnish free of charge to any employer or employee such blank forms and literature as it shall deem *requisite to facilitate* or promote the efficient administration of this (Workmen's Compensation) Act." (Our italics.)

In the instant case the Industrial Board found that the application was "a form No. 10 prescribed by the Industrial Board, being an application for dependents of deceased employee to thè Industrial Board for the adjustment of a claim for compensation naming (appellants) as dependents." It did not find that said form No. 10 had not been properly executed. In the absence of such a finding it must be presumed that the Industrial Board considered said form properly executed. In effect said board found that the application was "requisite to facilitate . . . the administration" of the Workmen's Compensation Act insofar as this cause was concerned.

Appellee contends however that "the Industrial Board has authority under the law to make its own rules. . . . There is no competent evidence before this court by means of which this court can determine what rules were in effect at any particular time. . . . The Appellate Court will presume that the Industrial Board acted in accordance with its rules in the absence of evidence to the contrary."

The Industrial Board does have authority to make its own rules; (See Sec. 9500, Burns Supp. 1929, §40-1506, Burns 1933, §16431, Baldwin's 1934) but it does not have authority to make rules with retroactive effect. See *State ex rel.* v. *Vandalia R. Co.* (1914), 183 Ind. 49, 108 N. E. 97.

The Industrial Board having found that "at no time has there been filed with the Industrial Board on behalf

of the plaintiffs any power of attorney . . .,":
and that the application was a "form No. 10 prescribed by the Industrial Board . .. . ,"—in the absence of any finding that such form No. 10 was not properly executed, it must be presumed that at the time of filing the application there was no rule of the Industrial Board requiring the filing of such power of attorney, because it must be presumed that if there had been such a rule in force at that time said board would not have found the application "requisite:" If it be presumed that there was no such rule in force at that time, a cause could have existed, in spite of applicants' failure to file such power of attorney.

If it be presumed that after said cause was so instituted, the Industrial Board did adopt a rule requiring appellants to file such power of attorney, such rule would not authorize a dismissal of the instant case, because no rule of the Industrial Board has retroactive effect. *State ex rel.* v. *Vandalia R. Co., supra.*

The Industrial Board would have been authorized at any time during the pendency of this cause, on its own motion, to require appellants' attorneys to produce and prove the authority under which they acted. See Sec. 1041, Burns 1926, §4-3611, Burns 1933, §833, Baldwin's 1934. In the absence of such a requirement by said board, it will be presumed that the attorneys who represented appellants before the board, were authorized to act in such capacity. See *Castle* v. *Ball* (1896), 145 Ind. 8, 44 N. E. 2; *Godfrey* v. *White* (1904), 32 Ind. App. 265, 69 N. E. 688. There is nothing in the finding which shows that said attorneys were not so authorized.

In *Zeitlow* v. *Smock* (1917), 65 Ind. App. 643, 117 N. E. 665, appellee contended that because of appellant's failure to file an answer in a proceeding before the Industrial Board, appellant had waived any defense

which it might have. In answer to this contention appellant cited a rule of the Industrial Board to the effect that no answer is required.

This court said with reference to said contention and rule:

> "The rule relied on by appellant is not a part of the record in this case. . . . However, both appellant and appellee appeared before said board and the cause was heard and determined without any suggestion or objection that no answer had been filed by appellant. Under such a state of facts the appellee would be in no position to take any advantage of appellant's failure to answer even under the rules governing civil procedure." (Authorities.)

We think that language is determinative of the principal question presented by appellants. The rule requiring appellants to file such power of attorney, which rule is relied upon or supposed by appellee in this case was not put into the record. Both appellants and appellee appeared before the Industrial Board and submitted the cause for determination by said board. Under such a state of facts, appellee would be in no position to take advantage of appellants' failure to file such power of attorney under the rules governing civil procedure; a *fortiori,* appellee is not in position to be given advantage of appellants' failure to file such power of attorney, under rules governing procedure before the Industrial Board, which rules, the Workmen's Compensation Act (Sec. 55) prescribes "shall be as summary and simple as reasonably may be." Sec. 9500, Burns Supp. 1929, *supra.*

The evidence, taken as a whole, shows conclusively, however, that said application for compensation was not filed within two years after the death of decedent, and the board's finding is to the same effect. That being true we are forced to hold that this cause of action was barred by Sec. 24, Work-

men's Compensation Act of 1915 (Sec. 9469, Burns Supp. 1929, §40-1224, Burns 1933, §16400, Baldwin's 1934), and that the dismissal thereof by the Industrial Board was not contrary to law.

We deem it expedient to note that appellants attempted to prove the allegations of their second paragraph of reply which allegations are set forth herein, and to note that appellants contend that the facts so alleged and proven suspend the operation of the statute of limitations against appellant Karolina Sadowski, and to note that appellants cite *Inland Steel Co.* v. *Jelenovic* (1925), 84 Ind. App. 373, 150 N. E. 391, as authority for their said contention. In that case this court held "that war suspends the operation of the statue of limiations against *alien enemies residing in enemy territory.*" In the cause at bar appellants did not allege nor attempt to prove that appellant Karolina Sadowski was an "alien enemy residing in enemy territory" at any time during the two years immediately following decedent's death, and therefore the case of *Inland Steel Company* v. *Jelenovic, supra,* is not applicable here.

Award affirmed.