## JOHN P. SANDERSON v. THOS. C. MORGAN AND OTHERS.

*Pleading—Demurrer—Alien Enemy—Rebellion.*

The same reasons making it improper for an alien enemy to be capable of maintaining actions in our Courts, apply to any other kind of enemy adhering to an organized force which is prosecuting a war against the Government.

A citizen of the United States adhering to the forces of the rebels in their war upon the United States, is under the disabilities of an alien enemy.

CLERKE, J.—Although the Plaintiff was not an alien enemy at the time this demurrer was put in, he was an enemy adhering to an organized force at war with the Government of the United States, which had been recognized as belligerents, both by the civil Courts and the executive branch of the Government.

The same reasons which make it proper that an alien enemy should be incapacitated from making contracts, or from maintaining actions, apply with equal force to any other kind of enemy adhering to an organized force which is prosecuting war against the Government.

In the one case as well as the other, if the enemy had the legal capacity to do these things, it would lead to consequences which may have the effect of contradicting the operations of the war, of throwing obstacles in the way of the public efforts, and of causing disorder, imbecility, and an augmentation of treason.

The fact that the enemy is also guilty of treason, in no way lessens the weight of these objections, but, on the contrary, increases them, by adding to his position of enemy the moral guilt of rebellion, and the possible evil effect of his example.

Open, organized rebellion is war, and has to be opposed and encountered like any other war, with the same precautions, operations, and avoidance of obstacles.

In Mrs. Alexander's case (2 Wallace, 404) it was held, that all the people of any district that was in insurrection against the

United States in the late rebellion, were to be regarded as ene-
mies, except in so far as by action of the United States Govern-
ment itself that relation may have been changed; consequently,
seventy-two bales of cotton belonging to Mrs. Alexander, seized
by the Federal force under General Banks, on its expedition to
the Red River, was considered a proper subject of capture; and
it was asserted by the Chief-Justice, in delivering the opinion of
the Court, that they must be governed by the principle of public
law so often announced from that bench as applicable alike to
civil and international wars; that all the people of each State
or district in insurrection against the United States must be re-
garded as enemies until, by the action of the Legislature and the
executive, or otherwise, that relation is thoroughly and permanent-
ly changed.

Thus it is established by the highest authority, that an individ-
ual remaining voluntarily in territory of the Confederate States
after the civil war has commenced, is subject to all the liabili-
ties of an alien enemy; and, it is scarcely necessary to add, sub-
ject also to all the disabilities of an alien enemy.

The principles of the law of nations, as announced by Vattel
and other writers on public law, justify these conclusions.   When
a revolt rises from the form of an insurrection or rebellion into
the proportions of a civil war, and when a nation becomes di-
vided into two parties, absolutely independent, and no longer ac-
knowledging a common superior, the State is dissolved, and the
character of the war between the two parties, in every respect, is
the same with that of a public war between two different nations.
The obligation of observing the common laws of war is, therefore,
absolute—indispensable to both parties—and the same which the
law of nature obliges all nations to observe in the prosecution of war
against each other.   (See Vattel's Law of Nations, Book III.,
chapter 18.)

It cannot, then, be doubted, that a person adhering to the Con-
federate States in the late civil war, is as incapable of prosecuting
an action in this State as if he was an alien enemy.

It has been, however, always held, that this incapacity only

applies to persons actually present in their own country at the time of the war.

This is not specifically alleged of the Plaintiff in the supplemental answer; but the general allegation that the Plaintiff is a resident of the State of Florida, and has been for several years, is probably sufficient to bring him within the rule.

The judgment or order should be affirmed, with costs.

Affirmed.

JOEL TIFFANY,
State Reporter.