## STATE EX REL. GEORGE J. GRANT CONSTRUCTION COMPANY v. DISTRICT COURT OF RAMSEY COUNTY AND ANOTHER.[1]

June 22, 1917.

Nos. 20,518—(250).

**Workmen's Compensation Act — total dependency — findings.**

1. The findings of the trial court in proceedings under the Workmen's Compensation Statute to the effect that at the time of the death of decedent the plaintiff, his widow, was not voluntarily living separate and apart from him, therefore not deprived of the presumption of total dependency, as provided by subdivision 1 of section 8208, G. S. 1913, as amended by chapter 209, Laws of 1915, are supported by sufficient evidence.

**Same — wife living apart from husband.**

2. The expression "voluntarily living apart from her husband," as used in the compensation statute above cited, is *held* and construed to mean the free and intentional choice of the wife deliberately made and acted upon.

Upon the relation of George J. Grant Construction Company the supreme court granted its writ of *certiorari* directed to the district court for Ramsey county and the Honorable Frederick N. Dickson, one of the judges thereof, to review proceedings under the Workmen's Compensation Act brought against relator by Barbara Reinhart. Affirmed.

*K. A. Campbell* and *B. Burness,* for relator.

*C. B. Schmidt,* for respondents.

BROWN, C. J.

*Certiorari* to review the judgment of the district court of Ramsey county rendered in proceedings under the Workmen's Compensation Statute.

[1]Reported in 163 N. W. 509.

John Reinhart at the time of his death was in the employ of relator, George J. Grant Construction Company, and while engaged in the discharge of the duties of his employment met an accidental death, for which his widow or those dependent upon him for support are entitled to compensation under the statute. This proceeding was instituted by the widow to recover the same. On the theory and claim that the widow was not entitled to the relief applied for, the mother of decedent was permitted to intervene in the proceeding for the purpose of presenting a claim under subdivision 2, section 8208, of the compensation act as an actual dependent. After trial the court found facts entitling the widow to the relief, and judgment was ordered accordingly. The mother of decedent made no further move in the proceeding, and so far as we are advised to the contrary acquiesced in the judgment of the court. Relator challenges the findings of the court as not sustained by the evidence.

The defense interposed by relator was that at the time of Reinhart's death plaintiff, his wife, was voluntarily living apart from him and, under subdivision 1 of section 8208, supra, as amended by chapter 209, p. 285, Laws 1915, not entitled to the presumption of total dependency there created, and that to entitle her to any relief she was required affirmatively to show actual dependency and the extent thereof.

If relator's construction of the statute is sound, it would follow when it appears in a proceeding of this kind, one by the wife for compensation for the death of her husband, that the wife in fact was at the time of the husband's death voluntarily living separate and apart from him, there is no presumption of dependency in her favor, and actual dependency, and the extent thereof, must be shown before she may recover the compensation provided for by the statute. That may be conceded for the purpose of the case to be the proper construction of the statute. But the burden to establish the claim that there was such voluntary separation will in such case rest with the party presenting it in defense of the wife's right to compensation. In this case that burden rested with relator and the relator assumed it on the trial and presented evidence in support of the allegation of voluntary separation. But the court found the allegations in this respect not true, and that the wife was not at the time of decedent's death voluntarily living apart from him. If this finding is supported by the evidence, the presumption

of total dependency applies, and the judgment below must be sustained. So the only question in the case is whether the evidence supports the findings upon that subject. But it may be remarked in passing that the expression "voluntarily living apart from her husband," as used in this statute means, and should be construed to mean, the free and intentional act of the wife uninfluenced by extraneous causes or, as it might be otherwise expressed, her choice deliberately made and acted upon. 29 Am. & Eng. Enc. (2d ed.) 1072.

In that view of the statute and its meaning the findings of the court cannot be disturbed. The evidence is short and not at all confused or complicated. At the time of the marriage of plaintiff with decedent she was a widow with four children dependent upon her for support, and decedent was a widower with a son, who was self-supporting. Plaintiff owned her own home, which was equipped with all necessary household goods and furniture, and upon the marriage decedent made his home with her, and there continued to reside until about 6 months prior to his death. During that period and at the time of his death he resided with his mother. The marriage was not a happy one. For some cause, not made wholly clear by the evidence, trouble arose between the parties and they resided separately and apart from each other during the time stated. Evidence was offered tending to show that plaintiff tired of decedent and drove him from her home, and the claim is that she not only brought about his departure from her home, but thereafter voluntarily insisted upon the separation thus created. Plaintiff denied that she drove decedent away, and she testified that he left of his own accord and without her consent. Subsequent to his departure she insisted upon a discharge of his marital obligations of support, and proceeded against him in the courts for his failure in that respect. Decedent brought suit for divorce in which plaintiff answered demanding a divorce in her favor, and for alimony and suit money. But that action was commenced and plaintiff's answer interposed therein long after the separation took place, and clearly was not the cause thereof; and the relief demanded by plaintiff in her answer therein is not evidence, at least not conclusive, that the separation of the parties was by her voluntary or other consent. In this state of the evidence we discover no reason for interference with the findings of the court to the effect that she did not voluntarily, of her own free will

and choice, separate herself from decedent. The fact that parties thus situated live separate and apart from each other might, standing alone, give rise to an inference that it was voluntary on the part of each. But any such inference is sufficiently rebutted in this case. Plaintiff was therefore entitled to the presumption of dependency and the trial court was right in so disposing of the case.

Our statutes upon this question are entirely different from the statutes of Rhode Island, construed in Sweet v. Sherwood Ice Co. (R. I.) 100 Atl. 316. The statutes of the several states are at variance upon the subject. Kiser, Workmen's Compensation Acts (Corpus Juris Treatise) 59.