STATE EX. REL. LONDON & LANCASHIRE INDEMNITY COMPANY v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

(RUSH v. INDEMNITY COMPANY.)

March 15, 1918.

No. 20,840.

**Workmen's Compensation Act — death — evidence.**

1. The evidence sustains the finding that the death of plaintiff's husband resulted from injuries which he sustained while engaged in the performance of his duties.

**Same — when statute can make presumption conclusive.**

2. The legislature can make a presumption conclusive unless such presumption would impair some right protected by the Constitution.

**Same — presumption that widow was wholly dependent on husband.**

3. The provision in the compensation law that the surviving wife shall be conclusively presumed to be wholly dependent upon her husband infringed no constitutional right of the relator and is valid.

**Same — wife living apart from husband — evidence.**

4. While the evidence shows that plaintiff was living apart from her husband, it fails to show that she was doing so voluntarily.

**Same — allowance for last sickness and burial.**

5. The evidence justified the allowance made for last sickness and burial.

**Same — procedure — attorney's lien.**

6. Proceedings under the compensation law are informal and are intended to be inexpensive; and only extraordinary circumstances will justify the allowance of an attorney's lien for any considerable part of the amount awarded.

Upon the relation of London & Lancashire Indemnity Company of America, the supreme court granted its writ of certiorari directed to the

[1]Reported in 166 N. W. 772.

district court of Hennepin county and the Honorable John H. Steele, one of the judges thereof, to review the action of that court in proceedings under the Workmen's Compensation Act brought by Lillian Rush, as widow of employee, against relator, as insurer, to recover for the death of her husband.   Affirmed.

*John F. Bernhagen,* for relator.

*Henry K. Elder, John C. Benson* and *R. H. Fryberger,* for respondents.

TAYLOR, C.

Certiorari to review a judgment of the district court of Hennepin county awarding compensation under the Workmen's Compensation law to Lillian Rush for the death of her husband, John Rush.

1. The court found that on January 25, 1917, John Rush received an accidental injury "arising out of and in the course of his employment" which caused his death on March 3, 1917.   The relator admits that Rush received the injury and that it arose out of and in the course of his employment, but contends that the evidence is not sufficient to sustain the finding that his death resulted from his injury.   He fell and struck upon his head and was unconscious for a few moments.   Two or three days afterward he resumed his duties and performed his work as usual for a week or more. when he was discharged.   During this period he appeared to be in his normal condition, except that an impediment in his speech seemed to be more pronounced than theretofore.   On February 19 he entered a hospital where he died on March 3.   The doctor who made an autopsy testified that death resulted from a hemorrhage on the brain of traumatic origin, and that a microscopical examination disclosed "repair cells" which showed that the original injury had been received several weeks previously.   We are satisfied that the evidence justified the finding.

2. The statute provides that the surviving wife "shall be conclusively presumed to be wholly dependent * * * unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death."   Laws 1915, p. 290, c. 209, § 5 (G. S. Supp. 1917, § 8208).

The relator contends that the legislature cannot make the presumption of dependence conclusive, and claims that plaintiff was not in fact

dependent upon her husband for the reason that she had supported herself for years without assistance from him.   The legislature, in declaring that a particular fact shall be conclusively presumed, does not establish a presumption in the ordinary sense of the term, but rather a rule of law to the effect that in the case specified the nonexistence of the fact presumed is immaterial.   9 Enc. Ev. 884;  2 Wigmore, Ev. § 1353.   The legislature can make a presumption conclusive, unless such presumption would cut off or impair some right given and protected by the Constitution.   No provision of the Constitution is cited which takes from the legislature the power to define and prescribe the duties of the husband to his wife and children and the rights to which the wife shall be entitled in consequence of the existence of the marriage status; and we are satisfied that the legislature had power to provide that, for the purposes of the compensation law, the wife "shall be conclusively presumed to be wholly dependent" upon her husband, regardless of whether she had or had not been supported by him in his lifetime. The duty to support her rested upon him as a continuing obligation which could have been enforced at any time.   The legislature could recognize the existence of this obligation, and in the plenitude of its power could make such reasonable provision for the wife under the compensation law as it deemed just and proper.   Furthermore, even if the constitutional guaranties would be infringed by making the presumption conclusive in other cases, they would not be infringed by making it conclusive under the compensation law, for the provisions of that law are obligatory only upon those who elect to become subject to it, and those who voluntarily assume the liabilities imposed by the law in order to secure the benefits conferred by it have been deprived of no constitutional right.   Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 148 N. W. 71, L. R. A. 1916D, 412; State v. District Court of Hennepin County, 139 Minn. 205, 166 N. W. 185.

This same provision was involved in State v. District Court of Ramsey County, 137 Minn. 283, 163 N. W. 509, but its validity was not challenged.   Similar provisions are found in the statutes of several states and their validity seems not to have been questioned.   Nelson's Case, 217 Mass. 467, 105 N. E. 357;  Finn v. Detroit, Mt. C. & M. C. Ry. Co. 190 Mich. 112, 155 N. W. 721, L. R. A. 1916C, 1142;  Northwestern Iron

Co. v. Industrial Commission, 154 Wis. 97, 142 N. W. 271, L. R. A. 1916A, 366, Ann. Cas. 1915B, 877.

3. The relator contends that plaintiff was voluntarily living apart from her husband and is not entitled to the benefit of the conclusive presumption for that reason.

She had lived apart from her husband for about 12 years, but there is no finding that she did so voluntarily, and the evidence does not require such a finding. According to her testimony, which is the only evidence upon the question, he not only threatened her life, but ordered her to leave and drove her away with a gun, and she left and lived apart from him solely because she was in fear of personal violence. This fails to show that she was voluntarily living apart from him within the meaning of the statute. State v. District Court of Ramsey County, 137 Minn. 283, 163 N. W. 509.

4. The statute (subd. 16, § 5, c. 209, p. 292, Laws 1915, [G. S. Supp. 1917, § 8208]), provides that the employer shall pay "the expense of last sickness and burial, not exceeding in amount one hundred ($100.00) dollars," except in certain cases not here material. As the evidence shows that such expenses exceeded $100 we find no error in the allowance of that amount therefor.

5. The court allowed plaintiff's attorneys a lien in the sum of $400 upon the amount recovered. The relator raises no question concerning this lien, except to call attention to the fact that if plaintiff is not entitled to recover her attorneys are not entitled to a lien as against the relator. The amount for which the lien is allowed in this case is not questioned by anyone and hence is not before us for consideration, but we wish to call attention to the fact that the proceedings under this law are informal and summary and are intended to be inexpensive; and that only extraordinary circumstances will justify the court in allowing a lien for any considerable proportion of the compensation awarded the dependent.

Judgment affirmed.