TRIVUNA KOLUNDJIJA, AND OTHERS v. HANNA ORE MINING COMPANY.[1]

April 13, 1923.

No. 23,229.

**Workmen's Compensation Act—claimant wife of employe.**

1. Evidence considered and *held* ample to establish the relation of husband and wife between the employe and claimant.

**Burden of proof that wife lived apart voluntarily.**

2. The burden of showing that the wife was voluntarily living apart from her husband, rests with the party asserting it as a defense to the wife's right to compensation, under the Workmen's Compensation Act.

**Limitation of proceeding to collect compensation.**

3. The time within which a proceeding under the Workmen's Compensation Act may be commenced, is limited by chapter 209, Laws

[1]Reported in 193 N. W. 163.

1915, to one year after notice in writing given by the employer to the department of labor, of a willingness to pay compensation.

### Suspension of statute by existence of war.

4. The effect of the war is to suspend the statute of limitations, as to an alien enemy resident in the enemy's country, until peace is established.

### Persons domiciled in Yugoslavia.

5. When the Kingdom of Yugoslavia was created from territory taken from the Austro-Hungarian Empire, the people domiciled therein became nationals of the kingdom, which kingdom has never been an enemy of the United States.

### Action barred by statute.

6. The claimant, by change of status in 1918, having ceased to be an alien enemy resident in the enemy's country, and this action not having been brought within one year after the service of notice of the employer's willingness to pay compensation, the cause of action is barred by the statute of limitations.

Upon the relation of the Hanna Ore Mining Company, the supreme court granted its writ of certiorari directed to the district court for St. Louis county and the Honorable Edward Freeman, judge thereof, to review his action in the proceeding in that court under the Workmen's Compensation Act begun by Trivuna Kolundjija, dependent of the deceased employe, Lazo Kolundjija, and Branko Lazarevich, consul general of the country of which deceased was a citizen, against relator as employer.   Reversed.

*A. Feldman* and *John J. Fee,* for relator.

*John M. Gannon* and *Thomas H. Strizich,* for respondents.


QUINN, J.

Relator was a corporation engaged in mining iron ore in Saint Louis county, this state. Lazo Kolundjija was in its employ as a miner and on July 26, 1918, was accidentally killed under such circumstances that his dependents, if he had any, were entitled to compensation under the Workmen's Compensation Act. At the time of his death Kolundjija was a subject of the Austro-Hungarian Empire,

which country was then at war with the United States, and so continued to be until July 2, 1921, when peace was declared by a resolution of Congress. 42 St. 105; Fed. St. Ann. Supp. 1921 (2d. ed.) p. 68. The deceased left surviving him, his wife Trivuna, who was a subject of and resided within the same country of which her husband was a subject, and, because of the state of war, was an alien enemy of this country.

This action was commenced June 1, 1921, to recover compensation for the wife under the Workmen's Compensation Act, and the trial was completed in May, 1922, when the court made and filed an order for judgment, allowing claimant compensation at the rate of $9.45 per week up to the time of her remarriage in November, 1919, and for one-half of the remainder of 300 weeks at the same rate in a lump sum, with costs and disbursements. The case comes to this court for review by certiorari.

Relator contends that the evidence does not warrant the finding that deceased had a dependent at the time of his death, and that the action was barred by the statute of limitations. We think the evidence ample to establish the relation of husband and wife between the employe and claimant. If the wife was voluntarily living apart from her husband, there would be no presumption of dependency in her favor, but the burden of showing such voluntary separation rests with the party asserting it as a defense to the wife's right to compensation. Section 8208, G. S. 1917 Supp; State ex rel. George J. Grant Const. Co. v. District Court, 137 Minn. 283, 163 N. W. 509. We find no such showing in the record.

The time within which an action or proceeding may be commenced under the Workmen's Compensation Act, is fixed by section 20A, subdivision 2, chapter 209, p. 294, Laws of 1915, which provides that the commencement of such proceedings shall be limited to one year after the date of notice in writing given by the employer to the department of labor of the state, stating a willingness to pay compensation when it is shown that the death is one for which compensation is payable. In the present case such notice was served by the relator on May 6, 1920, so it will be observed that the action was not commenced within one year from that time.

A state of war cuts off all friendly relations between the citizens of the contending nations and closes the courts against the demands of each other. The law is well settled that an alien enemy resident in the enemy's country cannot, during the war, prosecute an action in our courts. Jackson v. Decker, 11 Johns. (N. Y.) 418; Bell v. Chapman, 10 Johns. (N. Y.) 183; Sanderson v. Morgan, 39 N. Y. 231; Kershaw v. Kelsey, 100 Mass. 561, 97 Am. Dec. 124, 1 Am. Rep. 412; Rothbarth v. Herzfeld, 223 N. Y. 578, 119 N. E. 1075; Farenholtz v. Meinshausen, 181 App. Div. 474, 169 N. Y. Supp. 869; Hungarian Gen. Credit Bank v. Titus, 182 App. Div. 826, 169 N. Y. Supp. 926; Trading with the Enemy Act, § 7, subd. B (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d).

The statute provides that in case the deceased was a native of a foreign country and left no known dependent within the United States, it shall be the duty of the department of labor to give written notice of the death to the consul or other representative of the foreign country forthwith, clearly indicating a legislative intent that payment of compensation may be made to an alien, although resident in a foreign country at the date of the employe's death or injury.

The effect of the war was to suspend the operation of the statute of limitations as to an alien enemy residing in the enemy's country, until the end of the war and until peace was declared. It is only reasonable that all rights should be suspended, including the statute of limitations, under such circumstances. However, it appears in the instant case that the portion of the Austro-Hungarian Empire wherein the claimant resided became the Kingdom of the Serbs, Croats and Slovenes or Yugoslavia during the latter part of the year 1918, and that claimant then became a national of that kingdom. It is historical that the government of the United States recognized that kingdom on February 7, 1919, and since its creation the Kingdom of Yugoslavia has never been an enemy state. It was included among the allied and associated powers which signed the several treaties of peace with the central powers. By an act of Congress, the return of property taken over by the alien property custodian, belonging to nationals of Yugoslavia, is provided for,

section 9, Trading with the Enemy Act, as amended by the act of June 5, 1920.

The action not having been commenced within one year from the time relator served notice of its willingness to pay compensation, and the dependent not having been an alien enemy residing in the enemy's country since the recognition of the Kingdom of Yugoslavia by the government of the United States on February 7, 1919, it follows that the statute of limitations is a complete bar to respondent's right to recover compensation herein.

Judgment reversed.

DIBELL, J. (dissenting.)

I dissent. The trial court finds and the parties agree that on May 6, 1920, when the mining company filed its notice with the department of labor, the alien beneficiary was a national of a friendly country. While the question whether the action is barred is a close one, I prefer the trial court's view that section 20A, added by section 8, c. 209, of the 1915 act, should be read in close connection with section 23, as amended by section 11 of that act; and, the proper consular officer or his representative being made the sole representative of the deceased and his dependents to receive the proceeds of the cause of action created by the compensation act, and there being none having jurisdiction until July 6, 1920, this proceeding, commenced on June 1, 1921, is not barred.