## CLARA McCLEERY v. M. M. DAVIDSON.[1]

December 7, 1923.

Nos. 23,646, 23,647.

**Writ of attachment vacated.**

1. The showing made by defendant justified the conclusion that the grounds stated for the issuance of a writ of attachment were untrue, and the writ was properly vacated.

**Discharge of garnishee sustained.**

2. The record fails to show service of a copy of the garnishee summons on defendant, or the filing of an affidavit with the examining officer that would dispense with such service, or that the garnishee disclosed or was defaulted; but does show that, without objection, the motion to discharge the garnishee was submitted on the sole ground that the funds garnisheed constituted the proceeds of the sale of defendant's homestead. *Held:* The order discharging the garnishee was not erroneous.

From an order of the district court for Waseca county, Senn, J., granting defendant's motion to vacate and discharge garnishment proceedings against him, and discharging the garnishee from all liability, plaintiff appealed. Affirmed.

*Charles Spillane* and *John Spillane,* for appellant.

*Henry M. Gallagher,* for respondent.

HOLT, J.

On defendant's separate motions the court below discharged a garnishee and vacated a writ of attachment in an action brought by plaintiff to recover damages for personal injury while on defendant's premises. Plaintiff appeals from each order.

Defendant had been a resident of the city of Waseca this state, for over 30 years, earning a living as a dentist. A few weeks after the death of his wife, in October, 1922, he advertised his personal

[1]Reported in 195 N. W. 1015.

property, practice and home for sale. He then took a trip to California. About the first of December, 1922, he sold his homestead. Shortly thereafter the purchaser paid the price thereof to the garnishee, and it remained in its hands when garnisheed. In March, 1923, defendant, having in the meantime returned to Waseca, moved the court for relief resulting in the orders appealed from.

The grounds for the attachment were: (a) That defendant had departed from the state with intent to delay and defraud his creditors; (b) that defendant was not a resident of the state. When the existence of the grounds stated was challenged by defendant's motion to vacate the writ, and the affidavits supporting the same, plaintiff made no attempt to show the existence of any creditor, to say nothing of any endeavor to defraud. There remained then only the ground of residency. By taking merely a trip to California, it is not to be presumed that defendant intended to abandon his residence in the county where he had lived so long. His bereavement readily explains the breaking up of the home and sale of the property and business. Whether he left with the intention of becoming a resident of another state was within his own breast. He swears he harbored no such intention. The court concluded that defendant's absence was only temporary and that he was at all times a resident of this state. This conclusion cannot be disturbed upon conflicting affidavits.

The order annulled the garnishee proceeding and discharged the garnishee. If the record had shown that there was proper service of a copy of the garnishee summons on defendant, or that the affidavit in section 7865, G. S. 1913, had been filed with the examining officer and a default had been duly entered against the garnishee, it might have been error to entertain the motion over an objection. But the record does not show that the garnishee was defaulted. And, furthermore, plaintiff acquiesced in submitting the motion on the merits as to whether the money reached by the garnishment was the proceeds of defendant's homestead. On the showing the court was justified in finding the garnisheed funds exempt. In either view the discharge of the garnishee was not any error of which plaintiff can complain.

The orders are affirmed.