DELIA PARTEE *v.* MEMPHIS CONCRETE PIPE CO.*

(*Nashville,* December Term, 1926.)

Opinion filed June 11, 1927.

WORKMEN'S COMPENSATION ACT.   Act 1919, ch. 123, sec. 30.
   Dependent wife.

The wife, committing no act to justify the husband's desertion,
   remaining at home, expecting him to return, and willing for him
   to do so; upon his demise, is conclusively dependent within the
   meaning of the Act. (Post, p. 445.)

Citing:  Johnson v. Republic Iron and Steel Co., 212 Ala., 149;
   Coletrane v. Ott, 102 S. E. (W. Va.), 102; Grolitz Co. v. Indus-
   trial Bond and Ind. Co., 278 Ill., 164; State ex rel. Garrett Const.
   Co. v. District Court, 157 Minn., 283; 163 N. W., 509; State ex
   rel. London Indemnity Co. v. District Court, 139 Minn., 409, 166
   N. W., 772.

*On the question as to dependency of wife living apart from hus-
band, within meaning of Workmen's Compensation Act, see annota-
tion L. R. A., 1916A, 370; 13 A. L. R., 710; 30 A. L. R., 1268; 35 A.
L. R., 1075; 39 A. L. R., 319; 28 R. C. L., 777; 4 R. C. L. Supp., 1850;
5 R. C. L. Supp., 1562; 6 R. C. L. Supp., 1752.

*Headnotes 1.  Workmen's Compensation Acts, C. J., sections 5, 34;
2.  Statutes, 36 Cyc., pp. 1106, 1114, 1131; 3.  Workmen's Compensa-
tion Acts, C. J., sections 50; 4.  Workmen's Compensation Acts, C. J.,
sections 50 (Anno).

FROM SHELBY.

Appeal from Chancery Court of Shelby County.—HON.
M. C. KETCHUM, Chancellor.

L. W. TAYLOR, for appellant.

G. P. DOUGLASS, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The widow sued to recover under the Workmen's Compensation Act. The Chancellor held that she was not a dependent because living apart from her husband. Chapter 123, Acts of 1919, Section 30 provides:

"That for the purposes of the Act the following described persons shall be conclusively presumed to be wholly dependent; (1) a wife, unless it be shown that she was voluntarily living apart from her husband at the time of the injury, and . . . children under the age of sixteen years."

To establish her claim the widow testified to the marriage with Arthur Partee, April 27, 1918, and the continuance of the relation to the date of his death August 23, 1926, but admitted the withdrawal of the husband from their home June 14, 1926. Referring to the clause of the separation she said that on June 14th after the husband returned from work, she alluded to gossip about him and a woman when he became angry and they quarreled. The petitioner, a negro some years older than her husband, ignorant and unable to read, characterized their quarrel as a little argument carried on without anger. While in the heat of discussion she suggested the impropriety of quarreling accompanied by the utterance that if they could not get along they ought to quit until the husband became pacified. The husband thereupon took some of his clothes, gave the wife $20 and left home without returning. Though he remained away, she testified that she was expecting him to return as he did on a former occasion when he left in anger. Without further narrative we quote from her testimony:

"Well, he has been my support for about seven years—going on eight, and I had no one in the world else to look to but him for support. He was all I had to depend on. When he left me, he left me enough to take care of me up until a little bit before the time he got killed. I was going to see him about that and some men was there on the porch at the time, one white man. A colored man raised up and told me he got killed.

"I was willing for him to come back, and he would come back. I never had any dreams of him going away from me to never come back. The trouble was between I and him as stated to Lawyer Nelson when I put in my plea; it was some things that his uncle had come and told me of him and another lady, and I got after him about it and he got mad, and that is what the little squabble between him and I came up about. When he left there he was no more mad at me than nothing in the world, and he said I would believe everything anybody would tell me about him—his uncle told me there was a man told him he was going to kill him. And he says, 'well I am going, beings that you will just listen to what my folks say.' He says, 'I am going.' He says, 'You will miss me when I am gone.' I said, 'Yes, I am satisfied I will miss you when you are gone.' I said, 'Arthur, there is no need your acting like this.' I am making the same statement now I made before Mr. Nelson. I said, 'There is no need your acting like this, and go off and leave it like that.' And he said, 'Well, I am going.' And he says,—so I started to go with him to the car line, but I didn't go. He never did tell anybody that he had left me, and he always said that he would come back.''

At the conclusion of the petitioner's testimony the chancellor was of opinion that she could not claim com-

pensation as a presumptive or actual dependent. Her petition was dismissed without hearing other testimony.

Through assignment of error it is urged that the petitioner was not voluntarily living apart from her husband and is entitled to the benefit of the conclusive presumption of dependency under the Statute. The Compensation Act deprived the employee, coming under its provisions, of the ordinary remedy for negligence resulting in injury, and substituted compensation for injury by accident arising out of and in course of employment without reference to negligence, actual or imputed, on the part of the employer. The legislation is remedial, intended to burden industry with the responsibility of industrial accident, by requiring compensation for the benefit of injured employees, or in case of their death by accident to their dependents, so as to relieve society of the obligation. Upon such view the Act is not to be given a narrow construction, but is applied fairly and broadly to accomplish the ends intended. If the injured employee comes within the Act, and with a narrow interpretation applied so as to exclude the widow from its benefits, she could not assert any legal right against the employer for the death of her husband caused by the wrongful act of the employer, for the common-law remedy is superseded.

The Compensation Laws of the several jurisdictions use different terms to indicate the wife conclusively presumed dependent, as for instance, "the wife living apart from her husband," or "when the husband and wife are not living together," or "a wife not living separate and apart from the husband by her fault," or "a wife whom the husband is under legal obligation to support."

The Alabama Workmen's Compensation Act describing presumptively dependent wives, after using the language of the Tennessee and Minnesota Statutes concludes

with the qualification "unless it be shown that the husband was not in any way contributing to her support."

In *Johnson* v. *Republic Iron & Steel Co.,* 212 Ala., 149, the wife was not voluntarily living apart from her husband, but he was not contributing to her support. In construing the Act the court said:

"The only question presented is, what did the Legislature intend when it adopted its concluding alternative 'unless it be shown that the husband was not in any way contributing to her support.' If the way were open to us we would prefer to hold, as did the Supreme Court of Ohio in *Industrial Commission* v. *Dell,* 104 Ohio St., 389, 135 N. E., 669, that 'dependency rests upon an obligation of support, and not upon the question as to whether that obligation is being discharged,' and so that a recreant husband could not relieve himself of the obligation to support a dutiful wife by his mere defiant refusal to discharge that obligation. But here, unfortunately for appellant's contention, words could hardly make it clearer that the Legislature intended to make the fact that the husband, at the time of his injury or death, was not contributing to his wife's support a sufficient reason for denying to her any compensation under the act, and this without regard to whether at that time they were living together or apart. In case the husband is contributing to the wife's support, so much of the statute as we have quoted above, for all the purposes thereby sought to be accomplished, declares conclusively the wife to be wholly dependent. Its necessary effect is to leave the question of the wife's dependency, in case the husband was not in any way contributing to her support, to be determined elsewhere and upon different considerations, and, if this were the whole of the statute on this particular subject, we could see our way to the adoption of the Ohio de-

cision, supra. But the statute in Sub-section 3 and (3a) defines total and partial dependents—and, of course, the only purpose of the statute is to provide for dependents, total or partial—in a way to exclude appellant from the benefits it proposes to confer.''

Without embodying the qualifying phrase used in the Alabama Act, the Tennessee Statute declares all wives conclusivly presumed dependent except those voluntarily living apart from their husband. Words used in Statutes are to be accepted in their natural and ordinary sense, and the Statute interpreted in view of the meaning of such words, and by reference to the context so as to ascertain the intention of the Legislature.

Looking to the literal meaning of the word, and the purpose intended by the Act, the conclusion follows that the word ''voluntarily'' was used to qualify the term ''living apart from the husband,'' and used with deliberate purpose to include as presumptive dependents, wives whose husbands abandon them without cause (*Coletrane* v. *Ott,* 102 S. E. (W. Va.), 102, and who are charged with the legal and moral obligation of support (*Grolitz Co.* v. *Industrial Bond & Ind. Co.,* 278 Ill., 164) ; and to exclude only wives who intentionally, and uninfluenced by extraneous causes, were deliberately living apart from their husbands at the time of the accident. Such is the construction given the Minnesota Statute defining dependent wives in the language of the Tennessee Statute. *State ex rel. Garrett Const. Co.,* v. *District Court,* 157 Minn., 283, 163 N. W., 509; *State ex rel. London Indemnity Co.* v. *District Court,* 139 Minn., 409, 166 N. W., 772.

The Tennessee Statute defining wives ''conclusively presumed to be wholly dependent'' recognizes the existence of the husband's legal obligation, and includes as beneficiaries presumptively dependent, under section 35

(1), wives who do not voluntarily live apart from their husbands, and who for that reason are entitled to enforce their rights of support against the husband, and upon his death by accident, to enforce the claim for compensation under the Act. It excludes only the wife who deserts her husband or voluntarily lives apart under mutual agreement. Wives coming within the latter class are not conclusively presumed dependent, and their right to benefits under the Act is controlled by Sub-sections (3) and (3a) of Section 35.

The petitioner did not desert her husband, and committed no act to justify his desertion of her. She remained at home expecting him to return, and willing for him to do so. She could have enforced the wife's claim to support, because the legal and moral obligation rested upon him.

Upon the facts presented the petitioner is conclusively dependent within the meaning of the Workmen's Compensation Act.

Reversed, and the cause remanded for proceedings not inconsistent with this opinion.