CAMBRIA COAL COMPANY *v.* MRS. D. M. DAUGHERTY.

(*Knoxville,* September Term, 1930.)

Opinion filed November 28, 1930.

J. H. UNDERWOOD, for plaintiff in error.

W. Y. BOSWELL, for defendant in error.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

This is an appeal from an award for compensation of $6.50 per week for four hundred weeks and $100 for burial expenses. It is conceded that the husband of petitioner lost his life in the course of his employment by the Company. The main insistence of the Company on this appeal is that the petitioner was voluntarily living apart from her husband. (Subsec. (1), Sec. 30 of Chap.

123, Acts of 1919.) The record shows that some years before a suit for divorce from bed and board had been brought by the wife on account of desertion and failure to support and that in that suit she was given a decree for alimony of $35 a month. However, there is evidence that while the deceased spent most of his time at Briceville, working in the mines where he lost his life, and his wife resided some miles away at Petros, which had been their home in former years, that he frequently visited the home and made contributions to the support of his former wife. In fact there is evidence that in so far as the decree of divorce was concerned it had been disregarded by the couple. We think there is abundant material evidence in the record to support the finding of the trial judge that the separation, in so far as it was a separation, was not voluntary on the part of the petitioner and that she was entitled to recover compensation under the statute, being dependent upon the deceased at the time of his death. The fact of actual dependency was the determinative issue under our statute which the trial judge found in favor of petitioner.

We are furnished with no authority holding that a wife is cut off from the right to compensation, upon the death of the husband, by a decree divorcing the parties from bed and board, on the ground of desertion and failure to support by the husband, with an allowance of alimony. Her conduct has been adjudged justifiable and her living apart under such conditions is not voluntary. See Partee v. Memphis Concrete Co., 155 Tenn., 441. Moreover, as already suggested, on this record there is support for the holding that the parties were living together in the sense of the statute despite, and in disregard of, the former decree of divorce.

■ However, the record discloses that the earnings of the deceased were fixed by a stipulation on the hearing at $15 a week, and under the statute the widow may recover thirty per cent only of the average wages, provided that this thirty per cent is as much as the minimum sum of $5. We find no basis for the award of $6.50 a week and the judgment will be modified so as to award $5 a week for four hundred weeks.

■ The Company also questions the award of $100 for burial expenses, but we fail to find that this question was raised in the lower court on the motion for a new trial, and the trial court cannot be put in error with respect to a matter not brought to his attention.

■ Counsel for petitioner interpose a motion in this Court to affirm for want of a complete transcript, in that copies of a bill and decree of divorce introduced as exhibits have not been included. However, as we read the record these exhibits are immaterial to the determination of the case, as it appears that the facts with respect to the proceeding for divorce and the decree thereunder were testified to without objection and appear on the face of the bill of exceptions, and the exhibits would add or detract nothing. This motion is therefore overruled and the judgment affirmed, with the modification hereinbefore indicated.