ANGELA R. CONWAY v. COUNTY OF TODD AND ANOTHER.[1]

October 28, 1932.

No. 28,993.

*Junell, Oakley, Driscoll & Fletcher* and *Donald West,* for relators.
*C. H. Schaefer* and *Thad S. Smith,* for respondent.

HOLT, J.

Certiorari to review a decision of the industrial commission awarding compensation to respondent, as the widow of John M. Conway, who met death in the course of his employment from an accident arising out of the same.

The sole question presented is whether the evidence justified the finding of the commission that respondent "was wholly dependent upon" John M. Conway at the time of his death. Respondent is the widow of John M. Conway. G. S. 1923 (1 Mason, 1927) § 4275(1), reads:

"For the purpose of this act, the following described persons shall be conclusively presumed to be wholly dependent: (a) wife, unless it be shown that she was voluntarily living apart from her husband

[1]Reported in 244 N. W. 807.

at the time of his injury or death. (b) Minor children under the age of sixteen years."

For more than ten years the husband and wife had lived apart, and for more than one year immediately before his death he had contributed nothing to her support. She could not receive any compensation on the ground that she was an actual or partial dependent within the provisions of subds. 3 or 4 of said § 4275. As far as those subdivisions relate to a wife, it must be a wife voluntarily living apart, in which case she might claim as an actual dependent if she were wholly supported by her husband, or as a partial dependent if she regularly derived part of her support from him at time of his death and for a reasonable period of time immediately prior thereto. The commission, having found that respondent was wholly dependent, necessarily concluded that she did not voluntarily live apart from her husband.

The testimony showed that some 11 years before his death Mr. Conway and his wife and children had been living in Billings, Montana, but at about that time the children, except one son, had moved to California. The house in which the family had lived had been sold. The husband, a horse dealer, left for Hardin, Montana, about 60 miles from Billings, where he kept his horses and bunked in a room in the stable. He returned to Billings from time to time and contributed some money to help support his wife, who lived with her son in an apartment and assisted him as a bookkeeper in running a small transfer business. However, she concluded that the condition of her health was such that she could not endure the severe winters in Montana, and so went to California, where her other children then were. This occurred shortly after her husband established himself in Hardin. About a year after she moved to California her son in Billings died. Both she and the husband attended the funeral. At that time she urged her husband to come to California, but he said it was necessary for him to remain in Montana and Minnesota where his business was. Respondent received $2,000 from her son's insurance. Part of this she used to secure a home in California, and has subsisted from what remained,

her own work, and the aid her children have given her. She testified that she had wanted to live with her husband all these 10 or 11 years while he was living in Montana and this state. There seems to have been no aversion or antipathy that kept husband and wife apart; but rather the husband's inability to provide a home and support for the family where he stayed, and the wife's ill health, which, according to her belief, made it impossible for her to live where he chose to be. Her ill health and his destitution compelled her to live apart from him, and we conclude that the commission was not compelled to find that respondent voluntarily lived apart from her husband.

Relators urge that we recede from the construction given G. S. 1923 (1 Mason, 1927) § 4275(1), in State ex rel. George J. Grant Const. Co. v. District Court, 137 Minn. 283, 285, 163 N. W. 509, wherein the court said:

"It may be remarked in passing that the expression 'voluntarily living apart from her husband,' as used in this statute means, and should be construed to mean, the free and intentional act of the wife uninfluenced by extraneous causes or, as it might be otherwise expressed, her choice deliberately made and acted upon."

It is insisted that the expression "uninfluenced by extraneous causes" be eliminated as importing a meaning not to be found in the word "voluntarily." This we must decline to do. Extraneous causes or conditions often force one to act contrary to one's wishes or desires. Lack of means or health may forbid a wife to follow her husband to a new place when he is unable to provide her with food or proper shelter. The language of the Tennessee statute appears to be identical with ours, and the court of that state cites with approval the definition given in State ex rel. George J. Grant Const. Co. v. District Court, 137 Minn. 283, 163 N. W. 509, in Partee v. Memphis C. P. Co. 155 Tenn. 441, 295 S. W. 68. This case was followed in Cambria Coal Co. v. Daugherty, 161 Tenn. 457, 33 S. W. (2d) 71. In State ex rel. L. & L. Ind. Co. v. District Court, 139 Minn. 409, 166 N. W. 772, it appeared that the husband and wife had lived apart for 12 years; but this court considered the evidence

not to require a finding that the wife had voluntarily so lived, and held the statutory presumption conclusive that she was wholly dependent on his support. In State ex rel. Kile v. District Court, 146 Minn. 59, 177 N. W. 934, it was held that a finding that the wife was voluntarily living apart from her husband took away the conclusiveness of the presumption that she was wholly dependent. In Hinchuck v. Swift & Co. 149 Minn. 1, 182 N. W. 622, this court regarded the evidence not conclusive that the wife had voluntarily lived apart from the husband. So in the case at bar we think the evidence does not call for a finding from the triers of fact that Mrs. Conway voluntarily lived apart from her husband.

The award of compensation is affirmed with $100 attorneys' fees to be taxed as costs in favor of respondent.