AILEEN M. PRICKETT AND JENNIE PRICKETT v. JACK
ROTH CONSTRUCTION COMPANY AND ANOTHER.
JULIUS A. SCHMAHL, STATE TREASURER, AS CUSTODIAN
OF SPECIAL COMPENSATION FUND, RESPONDENT.[1]

March 30, 1951.

No. 35,358.

[1]Reported in 47 N. W. (2d) 120.

*Thomas O. Dougherty* and *John Ott,* for relator.
*Durham & Swanson,* for respondents.
*Ryan, Ryan, Ryan & Ebert,* for Jennie Prickett.

LORING, CHIEF JUSTICE.

Certiorari to review an order of the industrial commission denying compensation to relator, Aileen M. Prickett, widow of the deceased employe, Ivan R. Prickett, who met death on June 10, 1949, at Waltham, Minnesota, while working as a truck driver for respondent Jack Roth Construction Company. The referee for the commission determined that relator, as widow of the deceased employe, was entitled to compensation at the rate of $27 per week but not to exceed $7,500, and denied the claim petition of Jennie Prickett, partially dependent mother of the deceased employe.

On appeal, the commission held that Jennie Prickett was entitled to compensation at the rate of $10 per week for a period of not to exceed 300 weeks subsequent to June 10, 1949. It denied the claim of relator on the ground that at the time of employe's death she was voluntarily living apart from him. The only issue for determination here is whether the evidence sustains this finding.

Relator and deceased were married July 3, 1936, at Sisseton, South Dakota. After this marriage, they lived near Glenwood, Minnesota, in trailers and cabins near different camps where decedent worked as a truck driver for a road construction company. In 1942, decedent entered the armed services of the United States and was discharged therefrom in September 1945. After his discharge, he returned to Glenwood and resumed marital relations with relator for some time thereafter.

With respect to their subsequent separation, relator testified as follows:

"Q. * * * Did you at any time, Mrs. Prickett, since your husband ceased to live with you in 1945 ever bring any sort of proceeding of any kind to compel him to support you?

"A. No, I didn't.

"Q. As a matter of fact, Mrs. Prickett, you went your way and made your living and he went his way and made his living?

"A. I went to work but it wasn't because I wanted to.

"Q. Was it because he refused to support you?

"A. * * * he didn't seem to be in any hurry or didn't care too much about it, I guess.

"Q. That's why you went to work?

"A. Yes, sir.

* * * * *

"Q. Now, you supported yourself during these years, didn't you?

"A. I worked all the time."

She further testified that while deceased was in the armed services she, as his wife, regularly received allotments from the government; that afterward when she commenced to earn her own living she continued to use her married name, although at times some of her older friends called her by her maiden name; that during the years in which she was separated from her husband he continued his work as a truck driver for road construction crews at various places, but that on occasions he would visit her and stay with her in Minneapolis for a day or so at a time; that twice on such occasions he gave her $20 or $25; that at no time had either she or her husband consulted an attorney with the object of obtaining a divorce; that at all times while separated from her husband she lived alone in a room with a private family in Minneapolis; and that she did not voluntarily live separate and apart from him at any time.

■ M. S. A. 176.12, subd. 1, of the workmen's compensation act provides:

"* * * the following described persons shall be conclusively presumed to be wholly dependent [for the purpose of the act]: (a) wife, unless it be shown that she was voluntarily living apart from her husband at the time of his injury or death; * * *."

By virtue of the statutory presumption above set forth, the burden rested upon respondents to establish that at the time of the death of the employe relator was voluntarily living apart from him. Kolundjija v. Hanna Ore Min. Co. 155 Minn. 176, 193 N. W. 163; State ex rel. George J. Grant Const. Co. v. District Court, 137 Minn. 283, 163 N. W. 509.

■ The term "voluntarily," as used in the statute, has been construed to mean the free and intentional act of the wife uninfluenced by extraneous causes. Conway v. County of Todd, 187 Minn. 223, 244 N. W. 807; State ex rel. George J. Grant Const. Co. v. District Court, *supra*. The nature of the separation and the intention of the parties are important factors in determining the issue. Where there is no legal separation and no estrangement, but the husband and wife are separated because of the inability of the husband to provide an adequate residence or economic support for the wife, it cannot be said that such a separation is voluntary and uninfluenced by extraneous causes. Contractors Contract Noy 5948 v. Morris, 154 Fla. 497, 18 So. (2d) 247; Berg v. Industrial Comm. 236 Wis. 172, 294 N. W. 506; Baburic v. Butler Brothers, 233 Minn. 304, 46 N. W. (2d) 661.

■ Here, there is a total lack of evidence to establish an estrangement or a voluntary separation intended by the wife to be permanent. On the contrary, the record contains substantial evidence that economic factors alone compelled relator's separation from her husband, and that, had her own desires been fulfilled, she would have resumed marital relations with him at the earliest opportunity.

Respondents having failed to sustain the burden imposed upon them, the conclusive statutory presumption created by § 176.12, subd. 1, must form the basis of our determination here. By virtue thereof, it follows that the dependency of relator upon the deceased

employe is established, and the award originally made by the referee should have been sustained by the commission. See, Conway v. County of Todd, *supra;* State ex rel. London & L. Ind. Co. v. District Court, 139 Minn. 409, 166 N. W. 772; State ex rel. George J. Grant Const. Co. v. District Court, *supra;* Latting v. Broadmoor Hotel, Inc. 105 Colo. 386, 98 P. (2d) 857; Contractors Contract Noy 5948 v. Morris, *supra;* Kirkley v. General Baking Co. 217 Mich. 307, 186 N. W. 482; Koerner v. J. I. Hass Co. Inc. 126 N. J. L. 193, 18 A. (2d) 555; Berg v. Industrial Comm. *supra.*

Reversed and remanded with directions that the findings, decision, and order of the referee be reinstated as the order of the commission and that compensation be paid and expenses awarded to relator on the basis thereof.

Relator is allowed $250 attorneys' fees over and above her costs and disbursements.