45682.   UTILITIES OF AUGUSTA, INC.
v. JACKSON.

DEEN, Judge. 1. "One who has a prior undissolved marriage does not have the legal capacity to contract marriage, and living together with another as husband and wife will not establish a common law marriage of the parties when such an undissolved marriage exists." *Kicklighter v. Kicklighter,* 217 Ga. 54 (3) (121 SE2d 122). "If a cohabitation between a man and a woman is shown to have been illicit in its inception, in the absence of proof to the contrary, the illicit relation will be presumed to have continued throughout the period of cohabitation." *Drawdy v. Hesters,* 130 Ga. 161 (4-6) (60 SE 451, 15 LRA (NS) 190). A conflicting presumption is that "if, after the disability of the parties has been removed by lapse of time or otherwise, the cohabitation is continued, and the parties thereafter hold themselves out as man and wife, if the original illegal cohabitation was had in the absence of an attempted ceremonial marriage, a new and valid agreement of marriage will be presumed to have been entered upon, in the absence of anything appearing to the contrary." *Addison v. Addison,* 186 Ga. 155 (197 SE 232). A common law marriage may be proved by circumstantial evi-

dence, including reputation in the community and the acts of the parties in holding themselves out as husband and wife, but, as stated in *Peacock v. Peacock,* 196 Ga. 441, 448 (26 SE2d 608) such facts do not establish the *fact* of marriage or a consensus but are "*evidential* of a previous agreement by which he and the plaintiff agreed to be husband and wife, or, as sometimes stated, the acts and conduct of the defendant would create only a presumption that they had entered into such an agreement by express words. . . The presumption or inference to be drawn from such conduct, however, is overcome and set at naught by the plain testimony of the plaintiff herself, conclusively showing that at no time did she regard herself as the wife of the defendant or that there was any agreement de praesenti by which they became husband and wife."

2. In this workman's compensation case the defendant employer seeks to defeat the right of the claimant, who was previously married to the deceased employee Jackson, on the ground that she is the common law wife of one Richard Ballard. Jackson died from an injury arising out of and in the course of his employment on July 26, 1968. Jackson and his wife had been separated since about 1956, and neither had obtained a divorce. There is considerable evidence that between 1960 and 1967 she went under the name of Hattie Ballard, that she had a child whose last name was Ballard, that she made various credit applications and had other identification in that name and that she was employed under the name of Hattie Ballard. No change in her mode of living appears following Jackson's death. Her testimony was that Ballard is a boarder in the house and has his own room, that they were never married, and that her use of his name on occasion was because it made it easier for her to obtain financial credit. Ballard was not produced as a witness and it does not appear whether or not there would have been an impediment to a common law marriage on his part. The defendant contends that Hattie Jackson's testimony that no common law marriage existed must be ignored because her testimony is so unbelievable, self-contradictory, and contradicted by other facts that she must be held to have been impeached as a matter of law under *Code* § 38-1806. To arrive at this conclu-

sion we must hold that the fact-finding tribunal was compelled to exclude all of Hattie Jackson's testimony, including her testimony that she and Ballard never became husband and wife; secondly, that the circumstantial evidence *demanded* a finding that there was at some time an in praesenti agreement between them to become husband and wife, and, third, that this agreement was ratified by continued cohabitation between them after Jackson's death. The board in fact found that there was no common law marriage. "In a contest between a regularly solemnized ceremonial marriage and a marriage founded on cohabitation and repute, the burden is on the one asserting the common law marriage to prove every essential element thereof, including the fact that the parties were able to contract." *Lumbermens Mut. Cas. Co. v. Reed,* 84 Ga. App. 541 (66 SE2d 360). And see *Belle Isle v. Belle Isle,* 47 Ga. App. 168 (170 SE 211). While both these cases involve conflicts between two widow claimants, one relying on a ceremonial and the other on a common law marriage, we think that what is therein stated indicates that the inference of validity of a common law marriage drawn from circumstantial evidence only is a presumption of fact rather than a presumption of law. Hattie Jackson knew that George Jackson was living at the time she entered into whatever arrangements were made between her and Ballard. Either they did not live together, or they lived together unmarried for approximately 8 years. The fact that the same arrangement, whatever it was, continued for another year between Jackson's death and the hearing before the board, does not demand a finding either that the parties entered into a legal marriage after Jackson's death or that an abortive attempt at a common law marriage prior to his death ripened into a valid marriage by continued cohabitation thereafter. From the circumstantial evidence at hand, even disregarding the claimant's testimony that she and Ballard had never married, we cannot say a finding was demanded that she and Ballard were married at the time of the hearing so as to disqualify her as a dependent widow of Jackson.

3. The claimant further testified that she did not wilfully abandon her husband but that she was forced to leave him because of

his heavy drinking and ill treatment. The fact of heavy drinking depends not entirely on her testimony but on that of another disinterested witness. Under *Code* § 114-414 a wife is conclusively presumed dependent upon the husband whom she has not voluntarily deserted or abandoned at the time of the accident. The fact that she might have lived with other men thereafter, if there was no desertion in the leaving, does not militate against the award. *Gibbons v. Md. Cas. Co.*, 114 Ga. App. 788 (2) (152 SE2d 815). The burden of showing desertion as a defense to the claim of dependency rests upon the employer. 100 CJS 482, 483, Workmen's Compensation, § 520; Prickett v. Jack Roth Const. Co., 233 Minn. 462 (47 NW2d 120).

The judge of the superior court did not err in affirming the award of the Board of Workmen's Compensation.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*

ARGUED OCTOBER 7, 1970—DECIDED NOVEMBER 18, 1970—
REHEARING DENIED DECEMBER 4, 1970—CERT. APPLIED FOR.

*Woodruff, Savell, Lane & Williams, John M. Williams, Lawson A. Cox, II,* for appellant.

*Sanders, Hester, Holley, Ashmore & Boozer, Jack W. Tarver, Jr.,* for appellee.