Gaylon Lynn STACK, Widow and Next
of Kin of Danny Aaron Stack,
Plaintiff-Appellant,

v.

James Naylor SAWMILL,
Defendant-Appellee.

Supreme Court of Tennessee,
at Jackson.

Feb. 9, 1987.

James T. Sanderson, Karen T. Fleet, Bolivar, for plaintiff-appellant.

Lewis L. Cobb, Jackson, for defendant-appellee.

## OPINION

BROCK, Chief Justice.

In this workers' compensation action, Gaylon Stack is seeking benefits for the wrongful death of her husband, Danny Stack, who on December 8, 1983, died from injuries sustained on the job. The Chancellor held that Mrs. Stack was not entitled to benefits because she was not wholly or partially dependent upon Mr. Stack at the time of his death and because she was voluntarily living apart from him when he died. However, because we find that Mrs. Stack was not voluntarily living apart from her husband when he died, we reverse the decision of the Chancellor.

Mr. and Mrs. Stack were married on July 18, 1982. For the first few months of their marriage the couple lived with Mr. Stack's mother in Bethel Springs, Tennessee until March 1983 when they rented a house in Hornsby, Tennessee. While they were living in Hornsby, Mr. Stack began to drink excessively, stay out late, and hit Mrs. Stack. Mr. Stack also failed to pay the rent and other bills, and he discouraged his wife from going to work because she was drawing unemployment benefits. In late May 1983 when the couple could not pay the rent on the Hornsby home, they agreed to separate. Mrs. Stack then moved to her mother's house, while Mr. Stack first moved in with his mother and then later moved in with his cousin. Although Mr. and Mrs. Stack continued to see each other after this separation, Mrs. Stack filed for a divorce in early November.

During this period of separation, Mrs. Stack and her husband continued to engage in marital relations, seeing each other every weekend and sometimes during the week. After Mrs. Stack filed for divorce, the couple's relationship improved and Mr. Stack stopped physically abusing her. However, when Mr. Stack later tried to talk his wife into dropping the divorce proceedings, she refused to do so "right then" because she was afraid that he might start hitting her again.

The weekend before the fatal accident, Mr. and Mrs. Stack were together. They spent that Friday night at a local motel, and they spent both Saturday and Sunday nights at his cousin's home. On the following Monday, Mr. Stack sustained his injuries at work, and on the following Thursday, December 8, 1983, he died.

In refusing to award Mrs. Stack workers' compensation benefits for her husband's death, the Chancellor looked to T.C.A., § 50–6–210(a)(1) (Supp.1986). Under that statute, a widow is conclusively presumed to have been wholly dependent upon her husband unless it can be shown that she was voluntarily living apart from him at the time of his injury. The Chancellor denied recovery because he found that Mrs. Stack was voluntarily living apart from Mr. Stack. However, we find that Mrs. Stack's separation from her husband was justified and not voluntary within the meaning of § 50–6–210(a)(1). *Cambria Coal Co. v. Daugherty*, 161 Tenn. 457, 33 S.W.2d 71 (1930).

In *Partee v. Memphis Concrete Pipe Co.*, 155 Tenn. 441, 446, 295 S.W. 68, 69 (1927), this Court held that the statute at issue excludes from benefits only those "wives who intentionally, and uninfluenced by extraneous causes, were deliberately living apart from their husbands at the time of the accident." Accordingly, this Court has recognized that extraneous causes such as poor health, physical danger, the husband's unwillingness or inability to support, or other misconduct by the husband may force a wife to act contrary to her normal wishes and desires to live with her husband. *Cole v. Bemis Brothers Bag Co.*, 215 Tenn. 259, 385 S.W.2d 103, 106 (1964). Therefore, when such circumstances exist beyond a wife's control, the wife cannot be classified as voluntarily living apart from her husband for the purposes of T.C.A., § 50–6–210(a)(1).

In the case at bar, Mrs. Stack cites two reasons for her separation from her husband—their poor economic circumstances and his physically abusing her. In both *Shubert v. Steelman*, 214 Tenn. 102, 377 S.W.2d 940 (1964) and *Moody v. T.H. Hays & Sons, Inc.*, 189 Tenn. 666, 227 S.W.2d 20 (1950), this Court concluded that wives separated from their husbands by economic necessity were not voluntarily separated within the meaning of the statute. Furthermore, in *Cole v. Bemis Brothers*, 385 S.W.2d at 106, we recognized that separation caused by physical danger to a wife was not voluntary on her part. Therefore,

we conclude that in this case, Mrs. Stack was not "voluntarily" separated from Mr. Stack. The fact that she continued to see him and engage in marital relations with him indicates that she would have returned to live with him had she not feared that he would hit her again. Therefore, since her separation was not voluntary, Mrs. Stack is presumed to have been wholly dependent upon her husband under T.C.A., § 50–6–210(a)(1).

In conclusion, we can find no material evidence supporting the Chancellor's finding that Mrs. Stack was voluntarily living apart from her spouse at the time of his accident and death. Accordingly, we reverse the Chancellor's holding and remand this case for an award of workers' compensation benefits to Mrs. Stack.

Costs are adjudged against the defendant-appellee.

FONES, COOPER, HARBISON and DROWOTA, JJ., concur.