

# In the Court of Criminal Appeals of Texas

No. WR-93,603-01

EX PARTE ANTONIO ALCARAZ,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 1344704-A in the 209th District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant pled guilty and was convicted in 2013 of aggravated sexual assault of a child and sentenced to twelve years' imprisonment. He did not appeal his conviction.

In September 2021, Applicant filed an application for writ of habeas corpus in the county of conviction. TEX. CODE CRIM. PROC. art.

11.07. In his application, he alleges his plea was involuntary because trial counsel failed to inform him of the immigration consequences of pleading guilty.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's trial occurred in 2013, but this writ application was not filed until almost eight years later. The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided.[1]

Consistent with this Court's precedent, the trial court may, *sua sponte*, give Applicant the opportunity to explain the reasons for the delay. It may also give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims.[2] And

---

[1] Applicant cites to *Padilla v. Kentucky*, 559 U.S. 356 (2010), and *Padilla* has been in existence since before Applicant's trial began.

[2] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex.

ultimately, the trial court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                 April 13, 2022
**DO NOT PUBLISH**

---

Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).